1   MORGAN, LEWIS & BOCKIUS LLP
    ROBERT E. GOODING, JR. (SBN 50617)
2   JENNIFER R. BAGOSY (SBN 223145)
    5 Park Plaza, Suite 1750
3   Irvine, CA  92614
    Tel:  949.399.7000
4   Fax:  949.399.7001
    E-mail:  rgooding@morganlewis.com
5   E-mail:  jbagosy@morganlewis.com

6   MARC J. SONNENFELD (*Pro Hac Vice*)
    KAREN PIESLAK POHLMANN (*Pro Hac Vice*)
7   1701 Market Street
    Philadelphia, PA  19103-2921
8   Tel:   215.963.5000
    Fax:   215.963.5001
9   E-mail:  msonnenfeld@morganlewis.com
            kpohlmann@morganlewis.com
10

11  GIBSON, DUNN & CRUTCHER, LLP
    DEAN J. KITCHENS (SBN 82096)
12  DANIEL S. FLOYD (SBN 123819)
    DAVID HAN (SBN 247789)
    333 South Grand Avenue
13  Los Angeles, CA  90071-3197
    Tel.:  213.229.7000
14  Fax:  213.229.7520
    E-mail:  dkitchens@gibsondunn.com
15          dfloyd@gibsondunn.com
            dhan@gibsondunn.com
16

17  Attorneys for Defendant
    HEWLETT-PACKARD COMPANY

18  [*Additional counsel appear on signature page*]

19              UNITED STATES DISTRICT COURT

20             CENTRAL DISTRICT OF CALIFORNIA

21  | IN RE HEWLETT-PACKARD | Case No. SACV11-01404 AG (RNBx) |
22  | COMPANY SECURITIES LITIGATION | **[PROPOSED] STIPULATED ORDER RE: CONFIDENTIAL AND PROTECTED INFORMATION** |
23  | | |
24  | | Judge:   Hon. Andrew J. Guilford |
25  | | Dept.:    Courtroom 10D |
    | | Complaint Filed:  Oct. 19, 2012 |
26  | | Trial Date:       Oct. 7, 2014 |
27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

PROTECTIVE ORDER
Case No. SACV11-01404 AG (RNBx)

WHEREAS, subject to the provisions of Rule 26 of the Federal Rules of Civil Procedure (the "Federal Rules") and the Local Rules of the Central District of California, Lead Plaintiffs and Defendants Hewlett-Packard Company ("HP" or the "Company"), Léo Apotheker, and R. Todd Bradley (collectively, "Defendants"), through their respective counsel of record, have stipulated and agreed to the entry of the following Protective Order.

Accordingly, it is HEREBY ORDERED that the following terms and conditions shall govern the handling of materials produced or information otherwise disclosed by the Parties and Non-Parties (as defined below) during the course of this action, whether pursuant to formal or informal discovery requests, subpoena, deposition notice, or motion practice ("Litigation Material"):

## I.     SCOPE OF ORDER AND DEFINITIONS

This Protective Order (the "Order") governs the treatment of "Confidential Information" produced in the present proceeding known as *In re Hewlett-Packard Company Securities Litigation*, No. 8:11-cv-01404, which is pending in the United States District Court for the Central District of California (the "Action"). This Order includes Confidential Information disclosed, or filed by or on behalf of any Party or Non-Party (as defined below), voluntarily or involuntarily, in accordance with the terms below, including any copy or other reproductions, excerpts, summaries, abstracts, or other documents that paraphrase, excerpt, or contain Confidential Information. This Order does not and will not govern any trial or other court hearings or proceedings in the Action, but will otherwise be applicable to and govern the handling of documents and other discovery materials produced as part of the Action.

"Confidential Information," as used herein, means documents, materials, testimony (other than testimony at trial or in other court hearings or proceedings) and information, whether made formally or informally, that a Party or Non-Party in good faith believes to contain or constitute sensitive or confidential material

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

-1-

PROTECTIVE ORDER
Case No. SACV11-01404 AG (RNBx)

1   protected by Fed. R. Civ. P. 26(c), including, but not limited to, (1) non-public

2   proprietary business or financial information; (2) trade secrets, as defined in

3   California Civil Code § 3426.1, or other non-public research and/or development

4   information, including, without limitation, business plans, sales and/or revenue

5   projections, and information reflecting product development processes and efforts;

6   (3) private or personal information relating to any natural person, including social

7   security numbers, personnel files and certain financial or compensation

8   information pertaining to individuals; (4) non-public commercial information,

9   including, but not limited to, sales, supplier, pricing, cost, marketing, design,

10  scientific, technical, manufacturing, licensing, operational, logistical, employment,

11  compensation, competitive or other proprietary information not otherwise publicly

12  available; (5) insurance policies, indemnification agreements or hold-harmless

13  agreements that may provide coverage or reimbursement to any defendant for any

14  of the claims or causes of action asserted in this action; (6) information pertaining

15  to the Company's past, present and/or potential customers that is not publicly

16  available; (7) material or information relating to, disclosed to or produced in, non-

17  public administrative, regulatory or government proceedings; and (8) matters

18  before the Board of Directors of HP and any Committee of the Board of Directors

19  to the extent they are non-public and relate to the matters set forth in parts (1)

20  through (7) of this definition, above.

21       "Attorneys'-Eyes-Only Information" is defined as Confidential Information

22  of an extraordinarily sensitive nature that requires a higher level of confidential

23  protection than information designated as Confidential Information, including:

24  (1) non-public technical specifications; (2) trade secrets, as defined in California

25  Civil Code § 3426.1; (3) confidential pricing, marketing and sales information;

26  and (4) other highly confidential financial or business information, the disclosure

27  of which would result in competitive or business injury to the Producing Party or

28  Non-Party.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

PROTECTIVE ORDER
Case No. SACV11-01404 AG (RNBx)

"Party," as used herein, means a Defendant or Lead Plaintiff. "Non-Party," as used herein, means any person who is not a Party and who produces any material through discovery in the Action.

## II.   DESIGNATION OF CONFIDENTIAL INFORMATION

Confidential Information produced by any Party or Non-Party in the Action may be designated as "CONFIDENTIAL" or "ATTORNEYS'-EYES ONLY" under the terms of this Order.  Litigation Material designated as "CONFIDENTIAL" or "ATTORNEYS'-EYES-ONLY" shall include any copy or other reproductions, excerpts, summaries, abstracts, or other documents that paraphrase, excerpt, or contain Confidential Information or Attorneys'-Eyes-Only Information.

If it comes to a Party's or Non-Party's attention that Litigation Material(s) it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or Non-Party must promptly notify all other Parties that it is withdrawing the mistaken designation.  This Order shall not apply to Litigation Material or other information that, prior to disclosure, is either properly in the possession of the party to whom the "Confidential" designation was made without an obligation of confidentiality; is properly in the public domain; is legitimately acquired from a source not subject to this Order; or is subsequently made public other than through a violation of a Party or Non-Party's confidentiality obligation.

### A.   Designation of Litigation Material in Documentary Form

Confidential Information in documentary form shall be designated as such by stamping or labeling the pages of the document with the legend "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS'-EYES-ONLY" OR "ATTORNEYS'-EYES-ONLY —SUBJECT TO PROTECTIVE ORDER" or by taking other reasonable steps to so designate the information or documents, including identification of information

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

3

PROTECTIVE ORDER
Case No. SACV11-01404 AG (RNBx)

at depositions.  Electronic information produced in its native format shall be produced on media labeled with the legend "CONFIDENTIAL" or "ATTORNEYS'-EYES-ONLY."  If the receiving Party or Non-Party transfers such data to any computer system, other storage media, or prints paper copies, the receiving Party or Non-Party shall ensure that reasonable steps are taken to maintain the confidentiality of such information.

### B.    Designation of Litigation Material Other Than in Documentary Form

For Litigation Materials produced in some form other than documentary and for tangible items containing Confidential Information, the Producing Party or Non-Party shall apply in a prominent place on the exterior of the container or containers in which the Litigation Material is stored the legend: "CONFIDENTIAL" or "ATTORNEYS'-EYES-ONLY" or similar designation.

### C.    Designation of Deposition Testimony

A Party or Non-Party may designate information disclosed during a deposition as "CONFIDENTIAL" or "ATTORNEYS'-EYES-ONLY" by so indicating on the record at the deposition.  A Party or Non-Party may also designate in writing, within thirty (30) calendar days of the receipt of the final transcript ("the designation period"), that specific pages of the transcript be treated as "CONFIDENTIAL" or "ATTORNEYS'-EYES-ONLY."  Until the designation period has elapsed for a given deposition transcript, that transcript shall be treated as "ATTORNEYS'-EYES-ONLY" and shall be subject to the provisions hereof. When information contained or incorporated in a deposition transcript is designated as "CONFIDENTIAL" or "ATTORNEYS'-EYES-ONLY," arrangements shall be made with the court reporter by the Party or Non-Party making the designation to label the relevant pages "CONFIDENTIAL" or "ATTORNEYS'-EYES-ONLY," as appropriate.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

4

PROTECTIVE ORDER
Case No. SACV11-01404 AG (RNBx)

Further, during depositions, any Party or Non-Party claiming that information that is to be disclosed or upon which questions may be based is Confidential Information or Attorneys'-Eyes-Only Information may exclude from the room persons not listed in Sections IV and V below.

### D.     Litigation Material Produced Deemed Confidential for 15 Days

In order to provide Parties or Non-Parties an adequate opportunity to designate Litigation Materials as Confidential Information, all Litigation Materials produced in the Action shall be deemed Confidential Information whether or not stamped with an appropriate legend, for a period of fifteen (15) days following production. Once a Party receives notice that a designating Party or Non-Party has made a designation of Confidential Information, the Parties shall treat the designated materials as Confidential Information in accordance with this Order regardless of how much time has passed since the time the newly designated materials were first produced or whether they were stamped with the appropriate legend.

### III.     USE OF CONFIDENTIAL INFORMATION

Except as provided in Section XI, in the absence of written permission from the designating Party or Non-Party, or an order of the Court, no Confidential Information may be used by the receiving Party for any reason other than the prosecution or defense of claims in, or settlement of, the Action.

### IV.     DISCLOSURE OF "CONFIDENTIAL" INFORMATION

The following provisions shall govern the disclosure of any information designated "CONFIDENTIAL":

(a)     Except (i) with the prior written consent of the Party or Non-Party who produced the Confidential Information in issue, (ii) upon prior order of this Court obtained upon notice to opposing counsel, or (iii) as provided in Section XI, information or material in any form whatsoever (including but not limited to, answers to interrogatories, documents and things responsive to requests for

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

5                                                           PROTECTIVE ORDER
Case No. SACV11-01404 AG (RNBx)

production or inspection, and responses to requests for admissions) and sworn testimony other than trial or hearing testimony (including but not limited to, affidavits, declarations, depositions, and exhibits thereto) designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

(i)     counsel for the respective Parties to the Action, including in-house counsel and co-counsel retained for the Action, and the partners, members, associates, paralegals, secretaries, clerical, and regular, contract or temporary employees who are assisting in the prosecution or defense of this Action;

(ii)    Lead Plaintiffs or Defendants or officers, directors or employees of Lead Plaintiffs or Defendants, to the extent deemed necessary by their respective counsel for the prosecution or defense of the Action;

(iii)   consultants or expert witnesses who have been retained for the prosecution or defense of the Action ("Experts"), provided the Expert confirms in writing that he or she has not been employed by any entity: (a) engaged in the design, creation, or manufacturing of: desktop, notebook, or tablet computers; printers (including, but not limited to, ink or laser printers intended for personal, business or enterprise use); operating system or similar software; and/or (b) that represents itself or is otherwise acknowledged as a competitor of HP vis-à-vis the foregoing products, within the past five years.  Any such Expert shall sign the Agreement to abide by this Order set forth in Exhibit A (the "Agreement") before being shown Litigation Materials Containing Confidential Information;

(iv)    any authors or prior recipients of the Confidential Information to the extent necessary for the prosecution or defense of the Action;

(v)     the Court, Court personnel, and court reporters, and/or videographers transcribing or recording testimony at depositions;

(vi)    professional vendors to whom disclosure is reasonably necessary for the Action, including, but not limited to, outside copying vendors and outside litigation support vendors;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

6                                                    PROTECTIVE ORDER
Case No. SACV11-01404 AG (RNBx)

(vii)    mediators and settlement judges;

(viii)   witnesses testifying in a deposition in the Action.  A witness shall sign the Agreement before being shown Litigation Materials containing Confidential Information.  Confidential Information may be disclosed to a witness who will not sign the Agreement only in a deposition at which the Party or Non-Party who designated the Confidential Information is represented or has been given notice that Confidential Information produced by the Party or Non-Party may be used.  Witnesses shown Confidential Information shall not be allowed to retain copies; and

(ix)    any other person who is designated by written stipulation of the Parties to have access to Confidential Information and, where applicable, notification is provided to the designating Party or Non-Party, or by order of the Court after all Parties (including the producing Non-Party, where applicable) have received notice and have had an opportunity to be heard in opposition thereto.  All such persons designated by the Court or by stipulation shall sign the Agreement before being shown Confidential Information.

(b)    Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein.  In the case that a witness, Expert or other individual is required to sign the Agreement pursuant to Section IV(a), supra, or any other provision herein, such Agreements must be retained by counsel to the Party that received the Confidential Information during the pendency of the action and for a period of two (2) years after the conclusion of the Action as defined below.  The Agreements need not be disclosed to opposing counsel, but opposing counsel (or producing Non-Parties or their counsel, where applicable) may apply to the Court for an order compelling disclosure on a showing of good cause.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

7

PROTECTIVE ORDER
Case No. SACV11-01404 AG (RNBx)

## V.    DISCLOSURE OF "ATTORNEYS'-EYES ONLY" INFORMATION

The following provisions shall govern the disclosure of any information designated "ATTORNEYS'-EYES-ONLY":

(a)    Except with the prior written consent of the Party or Non-Party who produced the Attorneys'-Eyes-Only Information in issue, or upon prior order of this Court obtained upon notice to all Parties (and/or the producing Non-Party, where applicable), Litigation Material designated as "ATTORNEYS'-EYES-ONLY" shall not be disclosed to any person other than:

(i)    Counsel of record for the Lead Plaintiffs and Defendants in the Action and in-house counsel for Lead Plaintiffs and Defendant HP;

(ii)    Members of the firm, partners, of counsel, associates, paralegals, clerks, secretaries, other staff and copy services employed or retained by such counsel;

(iii)    the Court, Court personnel, and court reporters and/or videographers transcribing or recording testimony at depositions or hearings;

(iv)    professional vendors to whom disclosure is reasonably necessary for the Action;

(v)    Experts (as defined in Section IV(a)(iv), supra: (1) to whom disclosure is reasonably necessary for the Action, (2) who have signed the Agreement, and (3) as to whom the procedures set forth in Section V(b) have been followed; and

(vi)    Any other person who is designated by written stipulation of the Parties to have access to Attorneys'-Eyes-Only Information and where applicable notification is provided to the designating Party, or by order of the Court after notice to all Parties (including the producing Non-Party, where applicable) have had an opportunity to be heard in opposition thereto.  All such persons designated by the Court or by stipulation shall sign the Agreement before

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

8                                         PROTECTIVE ORDER
Case No. SACV11-01404 AG (RNBx)

1   being shown Litigation Materials containing ATTORNEYS'-EYES-ONLY

2   Information.

3          (b)     Additional Procedures for Disclosure of ATTORNEYS'-EYES-

4   ONLY Information to Experts:

5                  (i)      Unless otherwise ordered by the Court or permitted in writing

6   by the designating Party or Non-Party, a receiving Party that seeks to disclose to

7   an "Expert" (as defined in Section IV(a)(iv) of this Order) any Litigation Materials

8   that have been designated "ATTORNEYS'-EYES-ONLY" must first provide

9   written notice of the intent to make such disclosure to the designating Party or

10  Non-Party that (1) identifies the Expert's current employer(s), and; (2) identifies

11  any employer or other person or entity from whom the Expert has received

12  compensation for work or professional services in his or her areas of expertise at

13  any time during the preceding two (2) years, and also identifies the dates and

14  general nature of the work performed.

15                 (ii)     A Party that makes a request and provides the information

16  specified in the preceding paragraph may disclose the subject Attorneys'-Eyes-

17  Only Information to the identified Expert unless, within five (5) business days of

18  delivering the request, the Party receives a written objection from the designating

19  Party or Non-Party.  Any such objection may only be brought if the designating

20  Party or Non-Party believes in good faith that there is a substantial risk that the

21  Expert will improperly disclose Attorney's-Eyes-Only Information based on his or

22  her work for a direct competitor of the Company's printing or personal computing

23  businesses within the past two (2) years.  Any such objection must set forth in

24  detail the grounds on which it is based.

25                 (iii)    A Party that receives a timely written objection must meet and

26  confer with the designating Party or Non-Party to try to resolve the matter by

27  agreement.  If no agreement is reached, the Party seeking to prevent disclosure to

28  the Expert may file a motion seeking permission from the Court to bar such

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

9                                           PROTECTIVE ORDER
                                            Case No. SACV11-01404 AG (RNBx)

1   disclosure.  Any such motion must set forth in detail the reasons why the Expert

2   should be prevented from receiving the information.  Nothing herein shall prevent

3   the Party seeking disclosure to the Expert from opposing such a motion.  Any

4   application or motion brought pursuant to this paragraph must be made in strict

5   compliance with Local Rule 37-2, and must satisfy the requirement set forth

6   therein that the Parties formulate and file a Joint Stipulation.

7        In any such proceeding, the Party or Non-Party opposing disclosure to the

8   Expert shall bear the burden of proving that the risk of harm that the disclosure

9   would entail outweighs the receiving Party's need to disclose the Attorneys'-Eyes-

10  Only Information to its Expert.

11  **VI.    <u>OBJECTION TO "CONFIDENTIAL" OR "ATTORNEYS'-EYES</u>**
**<u>ONLY" DESIGNATIONS</u>**

12

13       Entry of the Order upon this Stipulated Protective Order shall not preclude

14  any Party's motion for relief from or modification of the provisions hereof or to

15  any other motion relating to the production, exchange, or use of any document or

16  other information in the course of the Action.  If a Party disagrees with a

17  producing Party's  or Non-Party's designation of information as

18  "CONFIDENTIAL" OR "ATTORNEYS'-EYES-ONLY," or disputes the

19  limitations on access to be accorded such information under this Stipulated

20  Protective Order, the Party contesting the designation or restriction on access shall

21  provide to the producing Party or Non-Party notice by letter or e-mail of its

22  disagreement and specifically identify the information or restriction on access in

23  dispute, and request a conference with the producing Party or Non-Party pursuant

24  to Local Rule 37-1.  Counsel for the Party contesting the designation or restriction

25  on access shall confer with counsel for the producing Party or Non-Party within

26  ten (10) calendar days after the Party contesting the designation serves a letter or

27  e-mail requesting such conference.  If counsel for the producing Party and Non-

28  Party and counsel for the Party contesting designation are unable to settle their

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

10                                    PROTECTIVE ORDER
Case No. SACV11-01404 AG (RNBx)

differences, they shall formulate and file a written joint stipulation, consistent with Local Rule 37-2.  The Confidential status of the challenged material shall be maintained until the Court shall rule on the joint stipulation.  A challenge under this paragraph shall not affect a Party's right of access to Confidential Information or Attorneys'-Eyes-Only Information or to disclose information as provided for in this Stipulated Protective Order.

## VII.   INADVERTENT DISCLOSURE OF CONFIDENTIAL INFORMATION

If any Litigation Material that a Party or Non-Party intends to designate as "CONFIDENTIAL" or "ATTORNEYS'-EYES-ONLY" is inadvertently disclosed without being marked in accordance with this Order, such production, in and of itself, shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of confidentiality to which the producing Party or Non-Party would otherwise be entitled.  As soon as practicable, the producing Party or Non-Party shall notify all other Parties in writing of its inadvertent production of the Confidential Information without the proper designation.  Upon receiving such written notification, all Parties shall treat the Confidential Information or Attorneys'-Eyes-Only Information identified in the written notification as "CONFIDENTIAL" or "ATTORNEYS'-EYES-ONLY" in accordance with the terms of this Order.  The receiving Party may object to the designation pursuant to Section VI above.  If no such objection is made, all Parties shall treat the Confidential Information identified in the written notification as "CONFIDENTIAL" and the Attorneys'-Eyes-Only Information identified in the written notification as "ATTORNEYS'-EYES ONLY."  If an objection is made, all Parties shall continue to treat the Confidential Information identified in the written notification as "CONFIDENTIAL" and the Attorneys'-Eyes-Only Information as "ATTORNEYS'-EYES-ONLY" until the objection is finally resolved by the Court.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

11                                                          PROTECTIVE ORDER
Case No. SACV11-01404 AG (RNBx)

If a Party or Non-Party inadvertently discloses Confidential Information or Attorneys'-Eyes-Only Information to persons other than those listed in Sections IV and V above, such disclosure shall be reported in writing to the person who produced such inadvertently disclosed Confidential Information or Attorneys'-Eyes-Only Information.  In that event, counsel for the disclosing Party or Non-Party shall make all reasonable efforts to retrieve the Confidential Information or Attorneys'-Eyes-Only Information and any documents containing such information.  The disclosing Party or Non-Party shall also use its best efforts to bind the receiving person or Party to the terms of this Order, and (i) such person shall be informed promptly of all the provisions of this Order by the disclosing Party or Non-Party; (ii) such person shall be identified promptly to the Party or Non-Party that designated the Litigation Material as "CONFIDENTIAL" or "ATTORNEYS'-EYES-ONLY"; and (iii) such person shall first read this Order and then sign the Agreement.

**VIII.   INADVERTENT PRODUCTION OF PRIVILEGED OR PROTECTED LITIGATION MATERIAL**

It is the intent of the Parties to assert and preserve all information within the attorney-client privilege, any other applicable privilege, and/or entitled to work product protection.  If privileged or protected material is inadvertently disclosed, such disclosure shall not alone be deemed a waiver of the privilege or protection and shall in no way prejudice assertion of the privilege or protection.  If a recipient is notified in writing, either by letter or e-mail, by a Party or Non-Party that Litigation Materials were inadvertently produced containing privileged or protected information, the recipient shall promptly either, at the election of the producing Party or Non-Party: (1) return those Litigation Materials to the producing Party or Non-Party, or (2) destroy the Litigation Materials and certify in writing to the producing Party or Non-Party that such destruction has occurred.  If any Party subsequently seeks to challenge the claim of privilege or other

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

12

PROTECTIVE ORDER
Case No. SACV11-01404 AG (RNBx)

protection based on such inadvertent disclosure, the challenging Party and the producing Party or Non-Party shall confer, pursuant to Local Rule 37, and proceed, consistent with Local Rules 37-1 and 37-2, as provided in Section VI. The return of claimed privileged or protected material shall not in any way waive the recipient's right to challenge the claim of privilege or protection, but such challenge shall not divulge the contents of the material except to the Court under seal as provided herein.

## IX.     NO WAIVER

Nothing in this Order shall prejudice the right of any Party or Non-Party to object to the production of any document or part thereof upon any appropriate ground, including any applicable privilege, and nothing herein shall be construed as a waiver of such rights.  Moreover, nothing in this Order shall prejudice the right of any Party to object to the admissibility at trial of any Litigation Material or other evidentiary material on any appropriate ground, and nothing herein shall be construed as a waiver of such right.

## X.     PARTIES' OWN INFORMATION

Nothing in this Order shall limit any producing Party's or Non-Party's use of its own documents or shall prevent any producing Party or Non-Party from disclosing its Confidential Information or Attorneys'-Eyes-Only Information to any person.  A Party or Non-Party may provide its own documents or "CONFIDENTIAL" Information or "ATTORNEYS'-EYES-ONLY" Information to government agencies without a request or subpoena from those agencies without violating any term of this Order.  Such disclosures shall not affect any designation of such documents as "CONFIDENTIAL" or "ATTORNEYS'-EYES-ONLY" pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

13

PROTECTIVE ORDER
Case No. SACV11-01404 AG (RNBx)

**XI.     DISCLOSURES BEYOND PROTECTIVE ORDER**

Nothing contained herein shall prevent disclosure of Confidential Information or Attorneys'-Eyes-Only Information to persons who are not listed in Sections IV and V above under the terms of this Order (i) if the designating Party or Non-Party consents to such disclosure in writing; (ii) if a court, after all affected persons have been notified and had the opportunity to object, orders such disclosure; or (iii) if the Party to whom Confidential Information or Attorneys'-Eyes-Only Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena or other legal process.  If any person receiving documents covered by this Protective Order (the "Request Recipient") receives a Third-Party Information Request (defined as a document or deposition subpoena or other lawful request for information) in another action or proceeding, and such Third-Party Information Request seeks Confidential Information or Attorneys'-Eyes-Only Information designated as such by someone other than the Request Recipient, the Request Recipient shall (i) give written notice by hand delivery, overnight delivery, or e-mail (which e-mail shall be considered delivered when sent) promptly, and in no event later than three (3) business days after receipt of such Third-Party Information Request, to the counsel of the producing Party or Non-Party (or, if no counsel, to the producing Party or Non-Party directly) who produced or designated the material "Confidential" or "Attorneys'-Eyes-Only."  The Request Recipient shall refrain from disclosing or producing any Confidential Information or Attorneys'-Eyes-Only Information in response to such Third-Party Information Request prior to the applicable response or return date of the Third-Party Information Request, in order to give the producing Party or Non-Party a reasonable opportunity to object to the Third-Party Information Request, unless (i) the Request Recipient receives from the producing Party or non-Party written permission to do so; or (ii) a court orders compliance with the Third-Party Information Request prior to the applicable response or return

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

14

PROTECTIVE ORDER
Case No. SACV11-01404 AG (RNBx)

date.  The burden of opposing the enforcement of the Third-Party Information Request shall fall solely upon the Party or Non-Party who produced or designated the material as "Confidential Information" or "Attorneys'-Eyes-Only."

Notwithstanding the above, the Request Recipient shall either comply with, or file a lawful objection to, motion to quash, or motion for relief from, the Third-Party Information Request on the applicable response or return date.  Absent any such successful objection or motion, the Request Recipient shall comply by producing the requested Confidential Information or Attorneys'-Eyes-Only Information, provided the Request Recipient has not (i) received from the producing Party or non-Party a valid court order staying, quashing or otherwise relieving the Request Recipient from compliance with the Third-Party Information Request; or (ii) received written confirmation from the third party propounding the Third-Party Information Request that it has agreed to withdraw the Third-Party Information Request.  Nothing in this Order is intended to or should be construed as authorizing a party to disobey a lawful subpoena issued in another action.

Nothing herein shall be construed as requiring the Request Recipient or anyone else covered by this Order to challenge or appeal any order directing production of Confidential Information covered by this Order, or to subject himself, herself or itself to any penalties for noncompliance with any legal process or order, or to seek any relief from the entity issuing the Third-Party Information Request or from any court.

## XII.    <u>VIOLATIONS OF PROTECTIVE ORDER</u>

If a receiving Party or Non-Party learns that, by inadvertence or otherwise, it has disclosed "CONFIDENTIAL" or "ATTORNEYS'-EYES-ONLY" information to any person or in any circumstance not authorized under this Order, the receiving Party or Non-Party must immediately (a) notify in writing the producing Party or Non-Party of the unauthorized disclosures; (b) use its best efforts to retrieve all copies of the "CONFIDENTIAL" or "ATTORNEYS'-EYES-

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

15                                    PROTECTIVE ORDER
                                      Case No. SACV11-01404 AG (RNBx)

ONLY" information; (c) inform the person or persons to whom unauthorized disclosures were made of all terms of this Order; and (d) request such person or persons to execute the Agreement.

In the event any person or Party should violate or threaten to violate the terms of the Order, the aggrieved Party may immediately apply to obtain injunctive relief, and/or other relief as appropriate, against any such person or Party violating or threatening to violate any of the terms of this Order.  The Parties and any other person subject to this Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Order.

## XIII.    APPLICABILITY TO NON-PARTIES

Any Party issuing a subpoena in this Action to a Non-Party after the effective date hereof shall enclose a copy of this Order and notify the Non-Party that the protections in the Order are available to such Non-Party.  Any Party issuing a subpoena in this Action to a Non-Party after this proposed Order has been filed but prior to a ruling thereon by the Court shall enclose a copy of this proposed Order and notify the Non-Party that the protections in the Order are available to such Non-Party pending the Court's approval thereof.  Any Party that has issued a subpoena in this Action to a Non-Party prior to the filing of this proposed Order with the Court shall send that Non-Party via regular US mail a copy of this proposed Order after it has been filed, and shall notify the Non-Party that the protections in the Order are available to such Non-Party pending the Court's approval thereof.

Any Non-Party from whom discovery is sought in the Action may obtain the protection of this Order by designating its provision of discovery as subject thereto in the manner provided herein.

A Party may designate as "CONFIDENTIAL" or "ATTORNEYS'-EYES-ONLY" Litigation Material produced by a Party or a Non-Party by providing

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

16                                                    PROTECTIVE ORDER
Case No. SACV11-01404 AG (RNBx)

written notice to all Parties of the relevant document numbers or other identification within thirty (30) days after receiving such Litigation Material.

## XIV.    RELIEF FROM PROTECTIVE ORDER

Entry of this Order shall be without prejudice to the application by any Party (i) for relief from any restriction contained herein or (ii) for any order compelling, modifying or further restricting the production, exchange or use of or protection afforded to any Litigation Material produced, given or exchanged in the course of pretrial discovery in this Action.  The Parties may amend or modify any provision of this Order by mutual agreement, which agreement shall be embodied in a written stipulation to be approved by the Court.

## XV.    USE OF CONFIDENTIAL INFORMATION IN PRE-AND POST TRIAL PROCEEDINGS

A Party seeking to file with the Court materials that the Party produced and designated as Confidential Information or Attorneys'-Eyes-Only Information, or materials that someone other than the Party so designated, and who seeks to have the record containing such information sealed, shall submit to the Court an application and proposed order to seal, pursuant to Local Rule 79-5.

A Party that files with the Court materials designated as (or containing or summarizing) Confidential Information or Attorneys'-Eyes-Only Information by anyone other than itself, and who does not seek to have the record containing such information sealed, shall give notice at least seven (7) business days prior to the filing or use of the Confidential Information or Attorneys'-Eyes-Only Information to all other Parties, and to any Non-Party that designated the materials as Confidential Information or Attorneys'-Eyes-Only Information pursuant to this Order, of the submitting party's intention to file or use the Confidential Information or Attorneys'-Eyes-Only Information, including specific identification of the Confidential Information or Attorneys'-Eyes-Only Information (the "Filing

Notice"). Any affected Party or Non-Party may then file an application to seal, pursuant to Local Rule 79-5.

In connection with a request to have materials sealed pursuant to this Section, the moving party's declaration pursuant to Local Rule 79-5 shall contain sufficient particularity with respect to the particular Confidential Information or Attorneys'-Eyes-Only Information and the basis for sealing to enable the Court to make the findings required by Local Rule 79-5 without being required to review each item of Confidential Information or Attorneys'-Eyes-Only Information. Any affected Party or Non-Party that plans to bring such an application under Local Rule 79-5 must notify the Party seeking to use or file the Confidential Information or Attorneys'-Eyes-Only Information of its intention to do so within three (3) business days of receiving Filing Notice, and must file any motion pursuant to Local Rule 79-5 promptly, to allow the Court adequate time to consider the motion prior to the applicable filing deadline.

Personal information relating to any person (such as Social Security numbers and other personal identifying information), to the extent it is not under seal, will be submitted to the Court in redacted form pursuant to Federal Rule of Civil Procedure 5.2.

## XVI. JURISDICTION

The Court retains jurisdiction to amend, modify, or enforce this Order upon stipulation of the Parties to the Action, motion by a Party or Non-Party, or on its own motion.

## XVII. SURVIVAL

All the provisions of this Order shall survive the conclusion of the Action, and shall continue to be binding after the conclusion of the Action unless subsequently modified by agreement among the Parties or by further order of the Court.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

18                                                          PROTECTIVE ORDER
Case No. SACV11-01404 AG (RNBx)

## XVIII.   RETURN OF CONFIDENTIAL INFORMATION AND ATTORNEYS' EYES ONLY INFORMATION

The Conclusion of the Action is defined as thirty (30) calendar days after the termination of the Action, whether through settlement, final judgment or consent decree (including the resolution of any and all appeals therefrom or, if no appeal is taken, the expiration of the time to appeal or challenge any final judgment, settlement or consent decree).  Upon the Conclusion of the Action, any person or Party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either: (i) return such Litigation Materials no later than thirty (30) calendar days after conclusion of this action to counsel for the Party or Non-Party who provided such Confidential Information; or (ii) destroy such Litigation Materials within the time period upon consent of the Party which provided the Confidential Information and certify in writing within thirty (30) calendar days that the Litigation Materials have been destroyed.

## XIX.     PRODUCTION OF LITIGATION MATERIALS WHILE PROPOSED ORDER PENDING

The Parties agree that they will not cease producing or exchanging documents or other Litigation Materials that would otherwise be produced or exchanged pursuant to the Federal Rules, including those that may contain Confidential Information or Attorneys'-Eyes-Only Information, during the pendency of their joint application for the entry of this Proposed Order.  The Parties agree to be bound by the terms of this stipulated Proposed Order until the Court issues, modifies or otherwise addresses the Proposed Order.

**IT IS SO ORDERED.**

Dated:  October 03, 2013

_____
Hon. Robert N. Block
United States Magistrate Judge

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Irvine

19

PROTECTIVE ORDER
Case No. SACV11-01404 AG (RNBx)

1    Dated:  October 1, 2013          Respectfully submitted,

2                                     MORGAN, LEWIS & BOCKIUS LLP

3                                     By:   /s/ Robert E. Gooding, Jr.

4                                          ROBERT E. GOODING, JR.
5                                          JENNIFER R. BAGOSY

6                                          MARC J. SONNENFELD (*Pro Hac Vice*)
                                           KAREN PIESLAK POHLMANN (*Pro*
7                                          *Hac Vice*)

8                                          MONIQUE E. CHO (SBN 251949)
                                           300 South Grand Ave., 22nd Fl.
9                                          Los Angeles, CA  90071-3132
                                           Tel:  213.612.2500
10                                         Fax:  213.612.2501
                                           E-mail:  mcho@morganlewis.com
11
                                      GIBSON, DUNN & CRUTCHER, LLP
12
                                           DEAN J. KITCHENS
13                                         DANIEL S. FLOYD
                                           DAVID HAN
14
                                      *Attorneys for Defendant*
15                                    *HEWLETT-PACKARD COMPANY*

16   Dated:  October 1, 2013          MUNGER, TOLLES & OLSON LLP

17

18                                    By:   /s/ Gregory J. Weingart

19

20                                         BRAD D. BRIAN (SBN 079001)
                                           GREGORY J. WEINGART (SBN 157997)
21                                         LAURA D. SMOLOWE (SBN 263012)

22                                         355 South Grand Avenue
                                           35th Floor
23                                         Los Angeles, CA  90071-1560
                                           Tel.:  213.683.9100
24                                         Fax:  213.593.2971
                                           E-mail:  brad.brian@mto.com
25                                                  gregory.weingart@mto.com
                                                    laura.smolowe@mto.com
26
                                      *Attorneys for Defendant*
27                                    *Léo Apotheker*

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

20                                     PROTECTIVE ORDER
                                       Case No. SACV11-01404 AG (RNBx)

1    Dated:  October 1, 2013          FENWICK & WEST LLP

2

3                                     By:   /s/ Kevin P. Muck
4

5                                     KEVIN P. MUCK (SBN 120918)
                                      MARIE C. BAFUS (SBN 258417)
6                                     JENNIFER C. BRETAN (SBN 233475)
                                      555 California Street, 12th Floor
7                                     San Francisco, CA  94104
                                      Tel.:  415.875.2384
8                                     Fax:  415.281.1350
                                      E-mail:  kmuck@fenwick.com
9                                               mbafus@fenwick.com

10                                    *Attorneys for Defendant*
                                      *R. TODD BRADLEY*
11
     Dated:  October 1, 2013          LABATON SUCHAROW LLP
12

13                                    By:   /s/ Jonathan Gardner
14                                              Jonathan Gardner (*Pro Hac Vice*)

15                                    PAUL SCARLATO (*Pro Hac Vice*)
                                      ANGELINA NGUYEN (*Pro Hac Vice*)
16                                    VANESSA DE SIMONE (*Pro Hac Vice*)
                                      140 Broadway
17                                    New York, NY  10005
                                      Tel.:  212.907-0700
18                                    Fax:  212.818-0477
                                      E-mail:  jgardner@labaton.com
19                                               pscarlato@labaton.com
                                                 anguyen@labaton.com
20                                               vdesimone@labaton.com

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

21                                      PROTECTIVE ORDER
                                        Case No. SACV11-01404 AG (RNBx)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTLEY RICE LLP

GREGG S. LEVIN (*Pro Hac Vice*)
CHRISTOPHER MORIARTY (*Pro Hac Vice*)
WILLIAM NORTON (*Pro Hac Vice*)
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Tel.: 843.216.9000
Fax: 843.216.9450
E-mail:  glevin@motleyrice.com
            cmoriarty@motleyrice.com
            bnorton@motleyrice.com

MARK I. LABATON (SBN 159555)
1100 Glendon Avenue, 14th Floor
Los Angeles, CA  90024
Tel.: 310/500-3488
Fax: 310/824-2870
E-mail:  mlabaton@motleyrice.com

*Counsel for Lead Plaintiff and
Co-Lead Counsel for the Class*

BARRACK, RODOS & BACINE

STEPHEN R. BASSER (SBN 121590)
SAMUEL M. WARD (SBN 216562)
One America Plaza
600 West Broadway, Suite 900
San Diego, CA  92101
Tel.: 619.230.0800
Fax: 619.230.1874
E-mail:      sbasser@barrack.com
              sward@barrack.com

*Additional Counsel*

# EXHIBIT A

## AGREEMENT TO ABIDE BY STIPULATED PROTECTIVE ORDER

I, _____[print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Order Re: Confidential and Protected Information and Court Order thereon ("Stipulated Protective Order") issued by the United States District Court for the Central District of California on October ___, 2013 in the case of In re Hewlett-Packard Company Securities Litigation, No. 8:11-cv-01404 (AG(RNBx)).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I agree that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after the termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed Name: _____

Signature: _____

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

-1-

PROTECTIVE ORDER
Case No. SACV11-01404 AG (RNBx)