**MOTLEY RICE LLP**
Mark Labaton (Bar No. 159555)
mlabaton@motleyrice.com
1801 Century Park East, #475
Los Angeles, California  90067
Telephone: (310) 552-7992
Facsimile: (310) 552-8054

**LABATON SUCHAROW LLP**
Jonathan Gardner (*pro hac vice*)
140 Broadway
New York, New York  10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Attorneys for Lead Plaintiff*
*Institutional Investor Group and*
*Co-Lead Counsel for the Class*

*[Additional counsel appear on signature page]*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SECURITIES LITIGATION | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. SACV 11-1404 AG (RNBx)<br><br>**LEAD PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT**<br><br>Judge:  Hon. Andrew J. Guilford<br>Dept.:  Courtroom 10D<br>Hearing Date:  April 28, 2014<br>Hearing Time:  10:00 a.m. |

Lead Pls.' Mem. of P. & A. in Support of Unopposed
Mot. for Prelim. Approval of Proposed Settlement
Case No. SACV 11-1404 AG (RNBx)

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ............................................................................ 1

    A.    Description of the Action ................................................................. 3

    B.    Settlement Discussions ..................................................................... 5

    C.    The Proposed Settlement ................................................................ 6

    D.    Proposed Schedule of Events .......................................................... 7

II.    ARGUMENT ..................................................................................................... 8

    A.    The Settlement Merits Preliminary Approval ..................................... 8

    B.    The Settlement Is the Result of a Thorough, Rigorous, and Arm's-Length Process ......................................................... 10

    C.    The Settlement Is Well Within the Range of Reasonableness .......... 12

    D.    The Proposed Notice Program Satisfies Rules 23(d) and (e) as well as Due Process Requirements ..................................... 16

III.    THE COURT SHOULD PRELIMINARILY CERTIFY THE SETTLEMENT CLASS .......................................................................................................... 17

    A.    Standards Applicable to Class Certification ..................................... 17

    B.    The Settlement Class Meets the Requirements of Rule 23(a) ........... 19

        1.    Rule 23(a)(1):  Numerosity ..................................................... 19

        2.    Rule 23(a)(2):  Questions of Law or Fact Are Common ........ 20

        3.    Rule 23(a)(3):  Lead Plaintiffs' Claims Are Typical .............. 21

        4.    Rule 23(a)(4):  The Lead Plaintiffs Are Adequate ................. 22

    C.    The Settlement Class Meets the Requirements of Rule 23(b)(3) ...... 23

        1.    Common Questions of Law or Fact Predominate ................... 23

        2.    A Class Action Is a Superior Method of Adjudication .......... 24

IV.    CONCLUSION ............................................................................................... 25

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Adams v. Inter-Con Sec. Sys., Inc.*,
No. C-06-5428 MHP, 2007 WL 3225466 (N.D. Cal. Oct. 30, 2007) ............... 11

*Amchem Prods., Inc. v. Windsor*,
521 U.S. 591 (1997) ......................................................... 17, 18, 23

*Arnold v. United Artists Theatre Circuit, Inc.*,
158 F.R.D. 439 (N.D. Cal. 1994) ................................................ 19

*In re Bear Stearns Cos. Sec., Derivative, & ERISA Litig.*,
07-Civ-10453, 2009 WL 50132 (S.D.N.Y. Jan. 5, 2009) .......................... 22

*Blackie v. Barrack*,
524 F.2d 891 (9th Cir. 1975) .................................................. 21

*Carnegie v. Household Int'l, Inc.*,
376 F. 3d 656 (7th Cir. 2004) ................................................. 18

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ................................................... 15

*Ching v. Siemens Indus., Inc.*,
No. C 11-4838 MEJ, 2013 WL 6200190 (N.D. Cal. Nov. 27, 2013) ............... 17

*Churchill Vill., L.L.C. v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004) .................................................. 13

*In re Computer Memories Sec. Litig.*,
111 F.R.D. 675 (N.D. Cal. 1986) .............................................. 21

*In re Cooper Cos. Sec. Litig.*,
254 F.R.D. 628 (C.D. Cal. 2009) ......................................... 18, 20, 23

*In re Daou Sys., Inc., Sec. Litig.*,
411 F.3d 1006 (9th Cir. 2005) ................................................ 13

*Desai v. Deutsche Bank Sec. Ltd.*,
573 F.3d 931 (9th Cir. 2009) ............................................... 19, 24

Lead Pls.' Mem. of P. & A. in Support of Unopposed
Mot. for Prelim. Approval of Proposed Settlement
Case No. SACV 11-1404 AG (RNBx)

ii

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*,
No. MDL-901, 1993 WL 144861 (C.D. Cal. Feb. 26, 1993)............................24

*In re Giant Interactive Grp., Inc. Sec. Litig.*,
279 F.R.D. 151 (S.D.N.Y. 2011)...................................................................18

*Grant v. Capital Mgmt. Servs., L.P.*,
No. 10-cv-2471-WQH (BGS), 2013 WL 6499698 (S.D. Cal. Dec. 11, 2013) 8, 9

*In re Haier Freezer Consumer Litig.*,
No. 5:11-CV-02911-EJD, 2013 WL 2237890 (N.D. Cal. May 21, 2013)...........9

*Halliburton Co. v. Erica P. John Fund, Inc.*,
No. 13-317, 2013 WL 4858670 (S. Ct. Nov. 15, 2013)..................................2, 10

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ...........................................................18, 20, 23

*Harris v. Palm Springs Alpine Estates, Inc.*,
329 F.2d 909 (9th Cir. 1964) .........................................................................19

*In re Immune Response Sec. Litig.*,
497 F. Supp. 2d 1166 (S.D. Cal. 2007) ..........................................................14

*In re Indep. Energy Holdings PLC Sec. Litig.*,
No. 00 Civ. 6689(SAS), 2003 WL 22244676 (S.D.N.Y. Sept. 29, 2003) .........11

*In re Initial Pub. Offering Sec. Litig.*,
226 F.R.D. 186 (S.D.N.Y. 2005)...................................................................18

*Jaffe v. Morgan Stanley & Co.*,
No. C 06-3903 TEH, 2008 WL 346417 (N.D. Cal. Feb. 7, 2008)....................17

*In re Juniper Networks, Inc. Sec. Litig.*,
264 F.R.D. 584 (N.D. Cal. 2009) ..................................................................21

*Lane v. Facebook, Inc.*,
696 F.3d 811 (9th Cir. 2012) ........................................................................16

*Linney v. Cellular Alaska P'ship*,
No. C-96-3008 DLJ, 1997 WL 450064 (N.D. Cal. July 18, 1997)...................10

*Lo v. Oxnard European Motors, LLC*,
No. 11CV1009 JLS (MDD), 2011 WL 6300050 (S.D. Cal. Dec. 15, 2011) .....15

*Marsden v. Select Med. Corp.*,
    246 F.R.D. 480 (E.D. Pa. 2007) ........................................................... 22

*McPhail v. First Command Fin. Planning, Inc.*,
    247 F.R.D. 598 (S.D. Cal. 2007) .......................................................... 24

*In re Mego Fin. Corp. Sec. Litig.*,
    213 F.3d 454 (9th Cir. 2000) ............................................................... 22

*Negrete v. Allianz Life Ins. Co. of N. Am.*,
    238 F.R.D. 482 (C.D. Cal. 2006) ......................................................... 24

*Nelson v. Bennett*,
    662 F. Supp. 1324 (E.D. Cal. 1987) ....................................................... 8

*In re NVIDIA Corp. Derivative Litig.*,
    C-06-06110-SBA (JCS), 2008 WL 5382544 (N.D. Cal. Dec. 22, 2008) .......... 12

*In re Omnivision Techs., Inc.*,
    559 F. Supp. 2d 1036 (N.D. Cal. 2008) ................................................. 12

*Orvis v. Spokane County*,
    281 F.R.D. 469 (E.D. Wash. 2012) ...................................................... 15

*Perez-Funez v. Dist. Dir., INS*,
    611 F. Supp. 990 (C.D. Cal. 1984) ....................................................... 19

*In re Portal Software, Inc. Sec. Litig.*,
    No. C-03-5138 VRW, 2007 WL 1991529 (N.D. Cal. June 30, 2007).............. 10

*Sandoval v. Tharaldson Emp. Mgmt.*,
    No. EDCV 08-00482-VAP, 2009 WL 3877203 (C.D. Cal. Nov. 17, 2009) ..... 19

*Satchell v. Fed. Express Corp.*,
    No. C03-2659 SI, 2007 WL 1114010 (N.D. Cal. Apr. 13, 2007)................. 9, 11

*In re Scientific Atlanta, Inc. Sec. Litig.*,
    754 F. Supp. 2d 1339 (N.D. Ga. 2010) .................................................. 15

*In re Syncor ERISA Litig.*,
    227 F.R.D. 338 (C.D. Cal. 2005) .......................................................... 21

*In re Syncor ERISA Litig.*,
    516 F.3d 1095 (9th Cir. 2008)............................................................... 8

Lead Pls.' Mem. of P. & A. in Support of Unopposed
Mot. for Prelim. Approval of Proposed Settlement
Case No. SACV 11-1404 AG (RNBx)

iv

*In re THQ Inc. Sec. Litig.*,
  No. 00-1783AHM(EX), 2002 WL 1832145 (C.D. Cal. Mar. 22, 2002) ........... 18

*Torrisi v. Tucson Elec. Power Co.*,
  8 F.3d 1370 (9th Cir. 1993) ................................................................................. 8

*Tsirekidze v. Syntax-Brillian Corp.*,
  No. CV-07-02204-PHX-FJM, 2009 WL 2151838 (D. Ariz. July 17, 2009) ..... 21

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
  MDL No. 551, 1988 WL 158947 (W.D. Wash. July 28, 1988) ........................ 13

*West v. Circle K Stores, Inc.*,
  No. S-04-0438 WBS GGH, 2006 WL 1652598 (E.D. Cal. June 13, 2006) .. 9, 12

*Williams v. Costco Wholesale Corp.*,
  No. O2cv2003 IEG (AJB), 2010 WL 761122 (S.D. Cal. Mar. 4, 2010) ........... 23

*In re Wireless Facilities, Inc. Sec. Litig.*,
  253 F.R.D. 630 (S.D. Cal. 2008) ...................................................................... 16

*Young v. Polo Retail, LLC*,
  No. C-02-4546 VRW, 2006 WL 3050861 (N.D. Cal. Oct. 25, 2006) ................ 9

**RULES**

Fed. R. Civ. P. 23 ........................................................................................... 9, 18, 23

Fed. R. Civ. P. 23(a)(1) ...................................................................................... 18, 19

Fed. R. Civ. P. 23(a)(2) ...................................................................................... 20, 21

Fed. R. Civ. P. 23(a)(3) ............................................................................................ 21

Fed. R. Civ. P. 23(a)(4) ...................................................................................... 22, 23

Fed. R. Civ. P. 23(b) ................................................................................................ 19

Fed. R. Civ. P. 23(b)(3) ................................................................................ 1, 18, 23, 24

Fed. R. Civ. P. 23(b)(3)(A)(D) ................................................................................ 24

Fed. R. Civ. P. 23(c)(2)(B) ....................................................................................... 16

Fed. R. Civ. P. 23(g)(1) ............................................................................................ 23

LEAD PLS.' MEM. OF P. & A. IN SUPPORT OF UNOPPOSED
MOT. FOR PRELIM. APPROVAL OF PROPOSED SETTLEMENT
CASE NO. SACV 11-1404 AG (RNBx)

v

I.   **PRELIMINARY STATEMENT**

Arkansas Teacher Retirement System, Union Asset Management Holding AG, Labourers' Pension Fund of Central and Eastern Canada, LIUNA National (Industrial) Pension Fund, and LIUNA Staff & Affiliates Pension Fund, as Court-appointed lead plaintiffs ("Lead Plaintiffs") in this proposed class action, through co-lead counsel Motley Rice LLC ("Motley Rice") and Labaton Sucharow LLP ("Labaton Sucharow") (together, "Co-Lead Counsel"), submit this memorandum of points and authorities in support of their unopposed motion, pursuant to Federal Rules of Civil Procedure 23(a), (b)(3), and (e), for preliminary approval of a proposed $57 million settlement (the "Settlement") of this securities class action as set forth in the Stipulation and Agreement of Settlement, dated as of March 31, 2014 (the "Settlement Agreement") entered into between Lead Plaintiffs and Defendants Hewlett-Packard Company ("HP" or the "Company"), Léo Apotheker ("Apotheker"), and R. Todd Bradley ("Bradley") (collectively, "Defendants").[1]

For the reasons set forth below, Lead Plaintiffs respectfully submit that the Court should, in accordance with the accompanying [Proposed] Order Granting Preliminary Approval of Class Action Settlement and Directing Notice to the Settlement Class ("Preliminary Approval Order"):  (i) grant preliminary approval of the proposed Settlement on the terms set forth in the Settlement Agreement; (ii) certify, for purposes of settlement only, a class of all Persons who, during the period from November 22, 2010 to and through August 18, 2011 ("Class Period"), purchased or otherwise acquired shares of Hewlett-Packard Company's publicly

---

[1] All capitalized terms used herein are defined in the Settlement Agreement and have the same meaning as set forth therein.  The Settlement Agreement is annexed as Exhibit 1 to the accompanying Declaration of Jonathan Gardner ("Gardner Decl."), dated March 31, 2014.

traded common stock in the open market, and were damaged thereby (the "Settlement Class"); (iii) appoint Lead Plaintiffs as Class Representatives and Co-Lead Counsel as Class Counsel; (iv) approve the form and substance of the proposed Notice of Pendency and Proposed Class Action Settlement and Motion for Attorneys' Fees and Expenses ("Notice"), Proof of Claim and Release form ("Proof of Claim"), and the Summary Notice of Pendency and Class Action Settlement and Motion for Attorneys' Fees and Expenses ("Summary Notice"), appended as Exhibits 1 through 3 to the proposed Preliminary Approval Order, as well as the manner of notifying the Settlement Class of the Settlement; and (v) schedule a hearing to determine whether the Settlement and Plan of Allocation should be finally approved and to consider Plaintiffs' Counsels' application for an award of attorneys' fees and payment of expenses (the "Settlement Hearing").

In addition to the approvals mentioned above, Lead Plaintiffs further request that the Court approve the appointment of The Garden City Group, Inc. ("GCG") as claims administrator.

Lead Plaintiffs respectfully submit that the Settlement is an excellent result for the Settlement Class, both quantitatively and when considering the risk of a lesser (or no) recovery if the case proceeded through further dispositive motions and trial. Beyond the difficulty of securing class certification,[2] there were three primary risks to recovery in this matter. First, Lead Plaintiffs faced substantial risks in proving that Defendants' statements and omissions were false and misleading at the time that they were made or occurred. Second, Lead Plaintiffs

---

[2] Prior to the December 3, 2013 mediation session in this matter, the United States Supreme Court granted *certiorari* in *Halliburton Co. v. Erica P. John Fund, Inc.*, No. 13-317, 2013 WL 4858670 (S. Ct. Nov. 15, 2013), to address the fraud-on-the-market presumption that is used to facilitate class certification in cases arising under the Securities Exchange Act of 1934.

Lead Pls.' Mem. of P. & A. in Support of Unopposed
Mot. for Prelim. Approval of Proposed Settlement
Case No. SACV 11-1404 AG (RNBx)

2

faced significant risks in proving that the alleged misstatements were made with scienter, as required by the federal securities laws.  Third, the alleged damages suffered by the proposed class would have been vigorously contested by Defendants, centering on complex questions of loss causation.  For the reasons stated herein, Lead Plaintiffs respectfully request that the Court grant this unopposed Motion.

### A.    Description of the Action

On September 13, 2011, an initial class action complaint alleging violations of the federal securities laws against certain of the Defendants, captioned *Gammel v. Hewlett-Packard et al.*, No. SACV 11-1404 AG (RNB), was filed in this Court. By Order entered December 19, 2011, the Court appointed Lead Plaintiffs to serve as lead plaintiffs, and approved their selection of Motley Rice and Labaton Sucharow to serve as Co-Lead Counsel.  ECF No. 42 at 4-5.

On February 10, 2012, Lead Plaintiffs filed the First Amended Class Action Complaint for Violation of the Federal Securities Laws (the "FAC"), which alleged securities fraud violations against Defendants.  ECF No. 45.  The FAC alleged that Defendants made materially false and misleading statements regarding the Company's mobile operating system, webOS, and HP's ability to develop and extend webOS across an "ecosystem" of tablets, smartphones, personal computers ("PCs"), and printers.  The FAC alleged that these misrepresentations rendered Defendants' Class Period public statements and the Company's periodic reports filed with the Securities and Exchange Commission ("SEC") materially false and misleading in violation of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. The FAC further alleged that, as a result of Defendants' misrepresentations, the price of HP's common stock was artificially inflated during the Class Period.

Lead Pls.' Mem. of P. & A. in Support of Unopposed
Mot. for Prelim. Approval of Proposed Settlement
Case No. SACV 11-1404 AG (RNBx)

3

The FAC was based upon Plaintiffs' Counsels' extensive factual investigation, which included, among other things, the review and analysis of: (i) publicly available information concerning Defendants, including newspaper articles, online publications, stock price movement, statements at analyst conferences, and *Bloomberg* reports; (ii) regulatory filings made by HP with the SEC; (iii) securities analyst reports regarding the Company; and (iv) press releases issued and disseminated by certain of the Defendants.  In addition to consulting with forensic experts, Plaintiffs' Counsel also interviewed numerous confidential witnesses and included statements from four such witnesses in the FAC.

On August 29, 2012, after extensive briefing and oral argument, the Court granted Defendants' motion to dismiss the FAC in its entirety.  ECF No. 82.  The Court permitted Lead Plaintiffs to file an amended pleading.

On October 19, 2012, Lead Plaintiffs filed a Second Amended Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint").  ECF No. 89.  The Complaint was bolstered by the accounts of numerous additional confidential witnesses.  That pleading focused on Defendants'[3] repeated statements during the putative class period that HP had invested in, and currently possessed, the technological and operational capability to expand its nascent webOS "mini-ecosystem" (consisting of the TouchPad and two smartphones) to a full-fledged ecosystem of hundreds of millions of "seamlessly" connected webOS-enabled PCs and printers, all within the short timeframe of less than two years.

Defendants moved to dismiss the Complaint on December 3, 2012.  On May 8, 2013, after extensive briefing and oral argument, the Court granted in part

---

[3] Lead Plaintiffs did not name Catherine Lesjak as a defendant in the Complaint.

Lead Pls.' Mem. of P. & A. in Support of Unopposed
Mot. for Prelim. Approval of Proposed Settlement
Case No. SACV 11-1404 AG (RNBx)

4

and denied in part Defendants' motion, finding that Lead Plaintiffs had adequately pled that several actionable false and misleading statements were made by Apotheker or Bradley during June and July 2011 in violation of Section 10(b) and Rule 10b-5. ECF No. 110. Defendants subsequently moved for reconsideration of the May 8, 2013 Order, ECF No. 113, which motion was denied by the Court on June 17, 2013, ECF No. 120.

Defendants answered the Complaint on July 17, 2013, ECF Nos. 124, 127 & 128, and Lead Plaintiffs served their initial discovery requests in the Action during June and July, 2013.

## B.    Settlement Discussions

After the initiation of fact discovery by Lead Plaintiffs, the Settling Parties agreed to mediate this Action before The Honorable Judge Layn Phillips (Ret.) ("Judge Phillips"), a former federal judge now associated with Irell & Manella LLP in Newport Beach, California. A mediation conference was scheduled for December 3, 2013. Prior to this conference, certain of the Defendants produced, and Plaintiffs' Counsel reviewed, 314,959 pages of "core" documents identified by HP as relating to the allegations in the SAC. These documents included, *inter alia:*   (i) Company emails; (ii) internal memoranda from HP; (iii) corporate minutes of the Company's board of directors; (iv) spreadsheets from HP regarding webOS-related projects; (v) Company submissions to the SEC; (vi) the source materials utilized by HP in connection with the Company's webOS development; (vii) slide show presentations concerning HP's financial, operations, and project planning; and (viii) draft public statements concerning webOS projects. Not surprisingly, the Settling Parties disagreed about the significance of these documents.

Plaintiffs' Counsel also consulted with several experts to advise them regarding the feasibility of HP producing webOS-enabled PCs and printers in the

Lead Pls.' Mem. of P. & A. in Support of Unopposed
Mot. for Prelim. Approval of Proposed Settlement
Case No. SACV 11-1404 AG (RNBx)

5

timeframe Defendants touted to the market, as well as the damages attributable to the Company's August 18, 2011, announcement that it was abandoning webOS. These experts analyzed a variety of materials and provided Plaintiffs' Counsel with a thorough understanding of issues related to liability and damages.

As might be expected, prior to the mediation there were numerous issues about which the Settling Parties disagreed, including:  (i) whether Lead Plaintiffs could prove loss causation or recoverable damages given the numerous and disparate pieces of news that entered the market on the corrective disclosure date of August 18, 2011; (ii) whether Lead Plaintiffs could prove that Defendants acted with scienter; and (iii) whether the statements made or facts allegedly omitted were material, false, misleading, or actionable.

The parties met for a mediation before Judge Philips on December 3, 2013, after the exchange of extensive pre-mediation statements that detailed the relative strengths and weaknesses of the parties' positions.  While the December 3, 2013 mediation did not produce a settlement, Lead Plaintiffs and Defendants developed a better understanding of each other's positions by the end of the session.  With Judge Phillips' involvement, settlement discussions continued over the next several weeks and on January 15, 2014, the Settling Parties reached an agreement-in-principle to settle the Action.

## C.    The Proposed Settlement

Pursuant to the proposed Settlement, HP will deposit, or cause to be deposited, $57 million into an interest-bearing escrow account (the "Settlement Fund") no later than twenty (20) business days after both (i) the Court enters the Preliminary Approval Order, and (ii) Co-Lead Counsel have provided to counsel for HP, Morgan, Lewis & Bockius LLP and Gibson Dunn & Crutcher LLP, all information necessary to effectuate a transfer of funds.  In exchange for this payment, upon the Effective Date of the Settlement, Lead Plaintiffs and the

Lead Pls.' Mem. of P. & A. in Support of Unopposed
Mot. for Prelim. Approval of Proposed Settlement
Case No. SACV 11-1404 AG (RNBx)                                                                    6

Settlement Class will release all Released Claims against the Released Defendant Parties.

Lead Plaintiffs and Co-Lead Counsel believe that the Settlement is an excellent result, and is in all respects fair, adequate, and reasonable.  As such, this unopposed motion for preliminary approval should be granted in its entirety.

### D.    Proposed Schedule of Events

Co-Lead Counsel and Lead Plaintiffs request permission to provide notice of the Settlement to Settlement Class Members at this time.   Lead Plaintiffs respectfully propose the following schedule for the various Settlement-related events:

| | |
|---|---|
| Deadline for mailing individual Notices and Proofs of Claim (the "Notice Date"): | *10 business days after entry of Preliminary Approval Order.* |
| Deadline for publication of Summary Notice in the *Wall Street Journal* and transmission over *PR Newswire*: | *Within 14 calendar days of the Notice Date.* |
| Deadline for filing motions in support of the Settlement, the Plan of Allocation, and Plaintiffs' Counsel's application for an award of attorneys' fees and expenses: | *No later than 35 calendar days before the Settlement Hearing.* |
| Deadline for submission of requests for exclusion from the Settlement Class or objections to the Settlement, Plan of Allocation, or the request for attorneys' fees and expenses: | *Received no later than 21 calendar days before the Settlement Hearing.* |

LEAD PLS.' MEM. OF P. & A. IN SUPPORT OF UNOPPOSED
MOT. FOR PRELIM. APPROVAL OF PROPOSED SETTLEMENT
CASE NO. SACV 11-1404 AG (RNBx)

7

| Deadline for filing reply papers in support of the Settlement, the Plan of Allocation, and/or Plaintiffs' Counsel's application for an award of attorneys' fees and expenses: | *No later than 7 calendar days before the Settlement Hearing.* |
|---|---|
| Settlement Hearing: | *At the Court's convenience, but approximately 90 calendar days after entry of the Preliminary Approval Order.* |
| Deadline for submission of Proofs of Claim: | *Postmarked or received no later than 120 calendar days after the Notice Date.* |

The foregoing schedule is similar to those used and approved by numerous courts in class action settlements and provides due process to Settlement Class Members with respect to their rights concerning the Settlement. *See, e.g.*, *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374-75 (9th Cir. 1993).

## II.   ARGUMENT

### A.   The Settlement Merits Preliminary Approval

As a matter of public policy, settlement is a strongly favored method for resolving disputes, especially in complex class actions. *See, e.g.*, *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008) ("[T]here is a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned."); *Grant v. Capital Mgmt. Servs., L.P.*, No. 10-cv-2471-WQH (BGS), 2013 WL 6499698, at *2 (S.D. Cal. Dec. 11, 2013) ("Voluntary conciliation and settlement are the preferred means of dispute resolution in complex class action litigation.") (citation and internal quotation marks omitted).  The settlement of complex cases such as this one greatly contribute to the efficient utilization of scarce judicial resources and achieve the speedy resolution of justice. *See, e.g.*,

LEAD PLS.' MEM. OF P. & A. IN SUPPORT OF UNOPPOSED
MOT. FOR PRELIM. APPROVAL OF PROPOSED SETTLEMENT
CASE NO. SACV 11-1404 AG (RNBX)

8

*Nelson v. Bennett*, 662 F. Supp. 1324, 1334 (E.D. Cal. 1987) ("[F]ederal courts long recognized the public policy in favor of the settlement of complex securities actions. . . .  Especially in these days of burgeoning Federal litigation, the promotion of settlements is, as a practical matter, an absolute necessity.").

Federal Rule of Civil Procedure 23 requires court approval for any settlement of a class action.  Approval of class action settlements normally proceeds in two stages:  (i) preliminary approval, followed by notice to the class; and (ii) final approval.  *See, e.g.*, *West v. Circle K Stores, Inc.*, No. S-04-0438 WBS GGH, 2006 WL 1652598, at *2 (E.D. Cal. June 13, 2006).  By this motion, Lead Plaintiffs request that the Court take the first step in the approval process:  preliminary approval of the Settlement.  A court "need not conduct a full settlement fairness appraisal before granting preliminary approval."  *Grant*, 2013 WL 6499698, at *5 (citation and internal quotation marks omitted).  "If the court preliminarily certifies the class and finds the proposed settlement fair to its members, the court schedules a fairness hearing where it will make a final determination of the class settlement."  *In re Haier Freezer Consumer Litig.*, No. 5:11-CV-02911-EJD, 2013 WL 2237890, at *3 (N.D. Cal. May 21, 2013).

The preliminary approval standard involves "both a procedural and a substantive component."  *Young v. Polo Retail, LLC*, No. C-02-4546 VRW, 2006 WL 3050861, at *5 (N.D. Cal. Oct. 25, 2006).  As the court in *Young* explained:

> "[i]f the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval, then the court should direct that the notice be given to the class members of a formal fairness hearing. . . ."

*Id.* (citing *Manual for Complex Litigation, Second* § 30.44 (1985)) (alterations in

Lead Pls.' Mem. of P. & A. in Support of Unopposed
Mot. for Prelim. Approval of Proposed Settlement
Case No. SACV 11-1404 AG (RNBx)

9

original); *see also Satchell v. Fed. Express Corp.*, No. C03-2659 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) (granting preliminary approval after finding proposed settlement was "non-collusive," had "no obvious defects," and was "within the range of possible settlement approval").  Applying the standards set forth above, the Settlement should be preliminarily approved.

### B.    The Settlement Is the Result of a Thorough, Rigorous, and Arm's-Length Process

There is an initial presumption that a proposed settlement is fair and reasonable when it is the "product of arm's-length negotiations."  *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2007 WL 1991529, at *6 (N.D. Cal. June 30, 2007); *see also Linney v. Cellular Alaska P'ship*, No. C-96-3008 DLJ, 1997 WL 450064, at *5 (N.D. Cal. July 18, 1997) ("The involvement of experienced class action counsel and the fact that the settlement agreement was reached in arm's length negotiations, after relevant discovery had taken place create a presumption that the agreement is fair.").  Here, the Settling Parties have vigorously litigated and investigated the Action since its inception.   This contentious litigation process included, among other things, two rounds of motion to dismiss practice.  Moreover, the Settlement was achieved only after an intense arm's-length mediation conference and several follow-up communications under the supervision of Judge Phillips, an experienced mediator with considerable knowledge and expertise in the field of federal securities law.

Before, during, and following the mediation conference, the strengths and weaknesses of Lead Plaintiffs' and Defendants' respective claims and defenses were fully explored by the Settling Parties and Judge Phillips.  The Settling Parties focused on disputed issues of falsity, scienter, loss causation, damages, and Defendants' contention that class certification was not a certainty in light of the Supreme Court's grant of *certiorari* in *Halliburton*.   With an informed understanding of these various issues, the Settling Parties agreed to the

Lead Pls.' Mem. of P. & A. in Support of Unopposed
Mot. for Prelim. Approval of Proposed Settlement
Case No. SACV 11-1404 AG (RNBx)

10

1  Settlement.  There was no collusion, nor is there any preferential treatment of any
2  Lead Plaintiff or any other Settlement Class Member.[4]

3       Courts have recognized that "[t]he assistance of an experienced mediator in
4  the settlement process confirms that the settlement is non-collusive."  *Satchell*,
5  2007 WL 1114010, at *4; *see also Adams v. Inter-Con Sec. Sys., Inc.*, No. C-06-
6  5428 MHP, 2007 WL 3225466, at *3 (N.D. Cal. Oct. 30, 2007) (same).  Here,
7  Judge Phillips played an active role in addressing the relevant issues with the
8  Settling Parties and bringing about the Settlement.  Indeed, "the fact that the
9  Settlement was reached after exhaustive arm's-length negotiations, with the
10  assistance of a private mediator experienced in complex litigation," provides
11  further proof that approval is appropriate.  *In re Indep. Energy Holdings PLC Sec.*
12  *Litig.*, No. 00 Civ. 6689(SAS), 2003 WL 22244676, at *4 (S.D.N.Y. Sept. 29,
13  2003).

14       Although the Settlement was reached relatively early in the Action – less
15  than one year following the conclusion of motion practice under Rule 12(b)(6) –
16  Co-Lead Counsel had developed a thorough understanding of the facts of the case
17  and merits of the claims due to an extensive and thorough analysis of, *inter alia*:
18  (i) securities analysts' and media reports regarding HP; (ii) confidential witness
19  interviews; (iii) Defendants' production of more than 300,000 pages of pre-
20  mediation discovery documents; and (iv) consultation with industry and damages
21  experts.

22

23  _____

[4] The proposed Plan of Allocation, which is set forth in full in the Notice, provides
24  formulas for calculating the recognized claim of each Settlement Class Member,
25  based on each such person's purchases and sales of HP's publicly traded common
   stock during the Class Period.  Lead Plaintiffs will receive a distribution from the
26  Net Settlement Fund based on the same formulas that apply to the recovery of all
27  similarly situated members of the Settlement Class.

28

Additionally, throughout the Action Lead Plaintiffs had the benefit of the advice of knowledgeable counsel with extensive experience in shareholder class action litigation and securities fraud cases.  *See infra* Part III.B.4.  Courts give considerable weight to the opinion of experienced and informed counsel.  *See, e.g.*, *In re NVIDIA Corp. Derivative Litig.*, C-06-06110-SBA (JCS), 2008 WL 5382544, at *4 (N.D. Cal. Dec. 22, 2008) ("[S]ignificant weight should be attributed to counsel's belief that settlement is in the best interest of those affected by the settlement.").  Therefore, "[t]he recommendations of plaintiffs' counsel should be given a presumption of reasonableness." *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2008) (citation and internal quotation marks omitted).  In *Omnivision*, the court held that the recommendation of counsel weighed in favor of settlement given their familiarity with the dispute and their significant experience in securities litigation.  *Id*.  Co-Lead Counsel likewise have a thorough understanding of the merits of the Action and extensive experience in securities fraud litigation in particular.  Co-Lead Counsel's belief in the fairness and reasonableness of the Settlement warrants a presumption of reasonableness.

## C.   The Settlement Is Well Within the Range of Reasonableness

"[A]t this preliminary approval stage, the court need only 'determine whether the proposed settlement is within the range of possible approval.'" *West*, 2006 WL 1652598, at *11 (citation omitted).  This Settlement is well within the range of reasonableness for several reasons.  First, the $57 million settlement compares favorably to other securities fraud settlements.  As recently reported by NERA Economic Consulting, the average settlement amount in such cases in 2013 was $55 million, and the median settlement figure during that year was $9.1 million.  *See* Press Release, NERA Economic Consulting, *Recent Trends in Securities Class Action Litigation Report Released by NERA: Large Settlements*

Lead Pls.' Mem. of P. & A. in Support of Unopposed
Mot. for Prelim. Approval of Proposed Settlement
Case No. SACV 11-1404 AG (RNBx)

12

*Get Larger, Small Settlements Get Smaller* (Jan. 21, 2014) (copy attached as Ex. 2 to Gardner Decl.).

Second, the fairness and adequacy of the Settlement is underscored by taking into account the obstacles the Settlement Class would face in ultimately succeeding on the merits, as well as the expense and likely duration of the litigation. *See, e.g.*, *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (citing risk, expense, complexity, and likely duration of further litigation as factors supporting final approval of settlement). Indeed, at this juncture, the $57 million settlement results in an immediate and substantial tangible recovery, without the considerable risk, expense, and delay of discovery, summary judgment motions, trial, and post-trial litigation. *See, e.g.*, *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, MDL No. 551, 1988 WL 158947, at *4 (W.D. Wash. July 28, 1988) (finding settlement to be in the "best interests of the class . . . before it is subjected further to the vagaries of litigation").

While Lead Plaintiffs believe that they could have successfully established all of the elements of their securities fraud claims against the Defendants, they would have faced considerable obstacles over the course of continuing the Action. Specifically, there would be substantial defense challenges regarding falsity and scienter,[5] loss causation and damages, and certifying a litigation class). Indeed, Lead Plaintiffs would have been required to respond to Defendants' anticipated motion for summary judgment directed to both liability and damages issues and their likely attacks directed to class certification.

---

[5] As the Ninth Circuit has recognized, assessing falsity and scienter is a "unitary inquiry" because these matters are often "strongly inferred from the same set of facts." *In re Daou Sys., Inc., Sec. Litig.*, 411 F.3d 1006, 1015 (9th Cir. 2005) (citations and internal quotation marks omitted).

Additionally, even if Lead Plaintiffs were able to overcome all of these challenges, there would still have been a complex trial and likely appeals. At the point of settlement, Lead Plaintiffs were in an excellent position to evaluate the strengths and weaknesses of their allegations against Defendants, the defenses raised thereto, and the substantial risks of continued litigation, because of, among other things, the considerable factual and legal research their counsel performed in connection with the two rounds of motion to dismiss briefing and the extensive preparation work that was performed in connection with the mediation.

From the inception of the Action, Defendants have vigorously denied (and continue to deny) all of the claims and arguments made by Lead Plaintiffs, including, among other things, that (i) the Defendants acted with the requisite scienter in making the alleged false statements, and (ii) investor losses resulted from the alleged fraud, as opposed to other Company-specific news that also was released to the market on August 18, 2011. *See, e.g.*, *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1172 (S.D. Cal. 2007) (recognizing "the issues of scienter and causation are complex and difficult to establish at trial" and therefore concluding "settlement is a prudent course"). And, while the Court did find that certain of Lead Plaintiffs' claims survived the motion to dismiss directed to the SAC, it noted that scienter presented a "close question." ECF No. 110 at 32.

In addition, the Settling Parties have asserted significantly different positions regarding loss causation and damages. In that regard, Defendants contend that Lead Plaintiffs and members of the class cannot prove any losses from the alleged fraud because the market did not react negatively to the August 18, 2011 news relating to webOS discontinuation, but did react negatively to other

Lead Pls.' Mem. of P. & A. in Support of Unopposed
Mot. for Prelim. Approval of Proposed Settlement
Case No. SACV 11-1404 AG (RNBx)

14

Company announcements made that same day.[6]

While Lead Plaintiffs vigorously disagree with Defendants' position, these complex loss causation and damages issues would, at the end of the day, hinge upon extensive expert discovery and testimony.  Although Lead Plaintiffs believe they would have been able to present expert testimony to meet their burden, a trial would have entailed "a 'battle of experts,'" with "no guarantee whom the jury would believe."  *In re Cendant Corp. Litig.*, 264 F.3d 201, 239 (3d Cir. 2001).

In view of the foregoing, the proposed Settlement represents an excellent resolution given the substantial risks of expense and delay of continued litigation versus the certain and immediate recovery for the Settlement Class.  *See, e.g.*, *Orvis v. Spokane County*, 281 F.R.D. 469, 475 (E.D. Wash. 2012) ("[T]he proposed benefit to class members appears to the Court to be within the range of fair and reasonable compensation given the uncertain outcome of the legal arguments and the risks and probable delay for Plaintiff and class members if litigation were to proceed toward trial."); *Lo v. Oxnard European Motors, LLC*, No. 11CV1009 JLS (MDD), 2011 WL 6300050, at *5 (S.D. Cal. Dec. 15, 2011) (addressing preliminary approval and stating that "'[c]onsidering the potential risks and expenses associated with continued prosecution of the Lawsuit, the probability of appeals, the certainty of delay, and the ultimate uncertainty of recovery through continued litigation,' the Court finds that, on balance, the proposed settlement is fair, reasonable, and adequate.") (alteration in original) (citation omitted).

---

[6] *See, e.g.*, *In re Scientific Atlanta, Inc. Sec. Litig.*, 754 F. Supp. 2d 1339, 1376 (N.D. Ga. 2010) ("[I]n order to defeat summary judgment, plaintiffs in a securities fraud case must present evidence disaggregating the fraud and non-fraud-related causes of the plaintiff's loss.").

**D.    The Proposed Notice Program Satisfies Rules 23(d) and (e) as well as Due Process Requirements**

Co-Lead Counsel propose that mailed and published notice be given in the form of the Notice and Summary Notice, attached as Exhibits 1 and 3 to the proposed Preliminary Approval Order.  Notice to the Settlement Class in the form and in the manner set forth in the proposed Preliminary Approval Order will fulfill the requirements of due process and comply with the Federal Rules of Civil Procedure and the PSLRA.

Notice must be given to class members in the most practicable manner under the circumstances and must describe "'the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'"  *See, e.g.*, *Lane v. Facebook, Inc.*, 696 F.3d 811, 826 (9th Cir. 2012) (quoting *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 962 (9th Cir. 2009)); *see also* Fed. R. Civ. P. 23(c)(2)(B).  In addition, pursuant to the PSLRA, "every settlement notice must include a statement explaining a plaintiff's recovery."  *In re Wireless Facilities, Inc. Sec. Litig.*, 253 F.R.D. 630, 636 (S.D. Cal. 2008) (citing *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 969 (9th Cir. 2007)).  Lead Plaintiffs propose to give interested parties notice in two ways: (i) by first-class mail, addressed to all Settlement Class Members who can reasonably be identified and located; and (ii) by publication notice in the *Wall Street Journal* and transmission over *PR Newswire*.

The form and substance of the notice program are sufficient.  The proposed forms of notice describe the terms of the Settlement Agreement and the Settlement Class's recovery; the considerations that caused Lead Plaintiffs and Co-Lead Counsel to conclude that the Settlement is fair, adequate, and reasonable; the maximum attorneys' fees and expenses that may be sought; the procedure for requesting exclusion from the Settlement Class; the procedure for objecting to the Settlement; the procedure for participating in the Settlement; the proposed Plan of

Lead Pls.' Mem. of P. & A. in Support of Unopposed    16
Mot. for Prelim. Approval of Proposed Settlement
Case No. SACV 11-1404 AG (RNBx)

Allocation for the settlement proceeds; and the date and place of the Settlement Hearing.  *See Ching v. Siemens Indus., Inc.*, No. C 11-4838 MEJ, 2013 WL 6200190, at *6 (N.D. Cal. Nov. 27, 2013) (approving notice that "adequately describes the nature of the action, summarizes the terms of the settlement, identifies the class and provides instruction on how to opt out and object, and sets forth the proposed fees and expenses to be paid to Plaintiff's counsel and the settlement administrator in clear, understandable language").  The Notices will, when mailed and published as provided for in the Preliminary Approval Order submitted herewith, fairly apprise Settlement Class Members of the Settlement and their options with respect thereto, and fully satisfy all due process requirements.

Co-Lead Counsel also propose that the Court appoint GCG as the claims administrator for the Settlement.  GCG has been a claims administrator for more than 25 years and, during that time, has administered hundreds of securities class action settlements.  GCG has the experience to efficiently and accurately act as the claims administrator here.  *See* Gardner Decl., Ex. 3 (background information about GCG).

## III.    THE COURT SHOULD PRELIMINARILY CERTIFY THE SETTLEMENT CLASS

### A.    Standards Applicable to Class Certification

At the Settlement Hearing, the Court will be asked to grant final approval to the Settlement on behalf of the Settlement Class.  For that reason, it is appropriate for the Court to consider, at the preliminary approval stage, whether the certification of the Settlement Class is appropriate. *See Jaffe v. Morgan Stanley & Co.*, No. C 06-3903 TEH, 2008 WL 346417, at *2 (N.D. Cal. Feb. 7, 2008).

Courts have acknowledged the propriety of certifying a class solely for purposes of a class action settlement.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997).   Indeed, certification of a settlement class "'has been

recognized throughout the country as the best, most practical way to effectuate settlements involving large numbers of claims by relatively small claimants.'"  *In re Giant Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151, 158 (S.D.N.Y. 2011) (quoting *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 205 (S.D.N.Y. 1995)).   In this Circuit, "Rule 23 is to be liberally construed in a securities fraud context because class actions are particularly effective in serving as private policing weapons against corporate wrongdoing."  *In re Cooper Cos. Sec. Litig.*, 254 F.R.D. 628, 642 (C.D. Cal. 2009) (citation and internal quotation marks omitted); *see also In re THQ Inc. Sec. Litig.*, No. 00-1783AHM(EX), 2002 WL 1832145, at *2 (C.D. Cal. Mar. 22, 2002) ("'[T]he law in the Ninth Circuit is very well established that the requirements of Rule 23 should be liberally construed in favor of class action cases brought under the federal securities laws.'") (citations omitted).

A settlement class, like other certified classes, must satisfy all the requirements of Rule 23(a) and (b).  *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998).  Nevertheless, the manageability concerns of Rule 23(b)(3) are not at issue for a settlement class.  *See Amchem Prods.*, 521 U.S. at 593 ("Whether trial would present intractable management problems . . . is not a consideration when settlement-only certification is requested.").[7]

---

[7] As the Seventh Circuit has explained, manageability concerns that might preclude certification of a litigated class may be disregarded with a settlement class "because the settlement might eliminate all the thorny issues that the court would have to resolve if the parties fought out the case." *Carnegie v. Household Int'l, Inc.*, 376 F. 3d 656, 660 (7th Cir. 2004) (citing *Amchem*, 521 U.S. at 620); *see also In re Initial Pub. Offering Sec. Litig.*, 226 F.R.D. 186, 190, 195 (S.D.N.Y. 2005) (explaining that a settlement class may be broader than a litigated class because a settlement resolves concerns regarding manageability and predominance).

The Action satisfies all the factors for certification.  Under Rule 23(a), a class may be certified if:  (i) it is so numerous that joinder of all members is impracticable; (ii) there are questions of law and fact common to the class; (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (iv) the representative parties will fairly and adequately protect the interests of the class.  *See, e.g.*, *Sandoval v. Tharaldson Emp. Mgmt.*, No. EDCV 08-00482-VAP (OPx), 2009 WL 3877203, at *1 (C.D. Cal. Nov. 17, 2009).   The proposed class additionally must fall within one of the three categories of class actions defined in Rule 23(b).  *See, e.g.*, *Desai v. Deutsche Bank Sec. Ltd.*, 573 F.3d 931, 936 (9th Cir. 2009).

Lead Plaintiffs request that the Court preliminarily certify a class of all Persons who purchased or otherwise acquired the publicly-traded common stock of HP on the open market from November 22, 2010 to and through August 18, 2011, and were damaged thereby, excluding those Persons expressly identified in ¶ 1(mm) of the Settlement Agreement.

**B.     The Settlement Class Meets the Requirements of Rule 23(a)**

    **1.     Rule 23(a)(1): Numerosity**

Rule 23(a)(1) requires that the class be so numerous that joinder of all members is impracticable.  "'[I]mpracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted).  There is no fixed number of class members which either compels or precludes the certification of a class. *Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 448 (N.D. Cal. 1994).  Indeed, the exact size of the class need not be known so long as "'general knowledge and common sense indicate that [the class] is large.'" *Perez-Funez v. Dist. Dir., INS*, 611 F. Supp. 990, 995 (C.D. Cal. 1984) (citation omitted).  In securities litigation, courts

Lead Pls.' Mem. of P. & A. in Support of Unopposed
Mot. for Prelim. Approval of Proposed Settlement
Case No. SACV 11-1404 AG (RNBx)

19

regularly find the numerosity requirement is satisfied with respect to putative purchasers of nationally traded securities on the volume of outstanding shares. *See Cooper Cos.*, 254 F.R.D. at 634 ("The Court certainly may infer that, when a corporation has millions of shares trading on a national exchange, more than 40 individuals purchased stock over the course of more than a year.  It is likely that thousands of people made such purchases.").

Here, there can be no dispute that the Settlement Class satisfies numerosity and consists of (at least) thousands of investors.  During the Class Period, HP had approximately 2.2 billion shares of common stock outstanding.  *See* Compl. ¶ 245.  Further, HP's common stock was actively traded on the New York Stock Exchange throughout the Class Period.  *Id.*  Common sense dictates that these shares were purchased by hundreds of thousands of investors, making joinder impracticable.

### 2.   Rule 23(a)(2):  Questions of Law or Fact Are Common

Rule 23(a)(2) requires the existence of "questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  The Ninth Circuit construes this requirement "permissively," and has stated that that "[a]ll questions of fact and law need not be common to satisfy the rule."  *Hanlon*, 150 F.3d at 1019.

Securities fraud cases have long been found to satisfy the commonality requirement:

> The overwhelming weight of authority holds that repeated misrepresentations of the sort alleged here satisfy the "common question" requirement.  Confronted with a class of purchasers allegedly defrauded over a period of time by similar misrepresentations, courts have taken the common sense approach that the class is united by a common interest in determining whether a defendant's course of conduct is in its broad

Lead Pls.' Mem. of P. & A. in Support of Unopposed
Mot. for Prelim. Approval of Proposed Settlement
Case No. SACV 11-1404 AG (RNBx)                                                                20

outlines actionable, which is not defeated by slight differences in class members' positions, and that the issue may profitably be tried in one suit. *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975); *see also In re Juniper Networks, Inc. Sec. Litig.*, 264 F.R.D. 584, 588 (N.D. Cal. 2009) ("Repeated misrepresentations by a company to its stockholders satisfy the commonality requirement of Rule 23(a)(2).").

In this case, common questions of both law and fact abound.  The central questions – whether Defendants' public statements were false or material and whether Defendants acted with the requisite mental state – are the same for all class members.

### 3.  Rule 23(a)(3):  Lead Plaintiffs' Claims Are Typical

Rule 23(a)(3) is satisfied where the claims of the proposed class representatives arise from the same course of conduct that gives rise to the claims of the other class members, and where the claims are based on the same legal theory.  *In re Computer Memories Sec. Litig.*, 111 F.R.D. 675, 680 (N.D. Cal. 1986).  Rule 23(a)(3) does not require plaintiffs to show that their claims are identical on every issue to those of the class, but merely that significant common questions exist.  *In re Syncor ERISA Litig.*, 227 F.R.D. 338, 344 (C.D. Cal. 2005).  Differences in the amount of damages, the size or manner of purchase, type of purchase, and even the specific documents influencing the purchase will not render the claim atypical in most securities actions.  *See Tsirekidze v. Syntax-Brillian Corp.*, No. CV-07-02204-PHX-FJM, 2009 WL 2151838, at *4 (D. Ariz. July 17, 2009).

Here, Lead Plaintiffs' claims are identical to those of the other Members of the Settlement Class.  Like all Settlement Class Members, Lead Plaintiffs purchased HP's publicly traded common stock at allegedly artificially inflated

LEAD PLS.' MEM. OF P. & A. IN SUPPORT OF UNOPPOSED
MOT. FOR PRELIM. APPROVAL OF PROPOSED SETTLEMENT
CASE NO. SACV 11-1404 AG (RNBx)

21

prices during the Class Period and claim to have suffered damages when Defendants' alleged material misstatements and omissions were revealed.

### 4.   Rule 23(a)(4):  The Lead Plaintiffs Are Adequate

Rule 23(a)(4) is satisfied if "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  "The proper resolution of this issue requires that two questions be addressed:  (a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?"  *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000) (citing *Hanlon*, 150 F.3d at 1020).

Here, Lead Plaintiffs are sophisticated institutional investors who have and will continue to represent the interests of the Settlement Class fairly and adequately.  There is no antagonism or conflict of interest between Lead Plaintiffs and the proposed Settlement Class.   Lead Plaintiffs and Members of the Settlement Class share the common objective of maximizing their recovery from Defendants when considering the totality of the relevant circumstances.

In addition, Co-Lead Counsel have extensive experience and expertise in complex securities litigation and class action proceedings throughout the United States.[8]  Co-Lead Counsel are well qualified and able to conduct the Action, as the Court expressly recognized when approving their appointment as co-lead counsel

---

[8] *See* Co-Lead Counsels' Firm Resumes (Gardner Decl. at Exs. 4 & 5); *see also Marsden v. Select Med. Corp.*, 246 F.R.D. 480, 487 (E.D. Pa. 2007) (noting that Motley Rice has "significant experience pursuing securities-related claims in various federal courts across the U.S."); *In re Bear Stearns Cos. Sec., Derivative, & ERISA Litig.*, 07-Civ-10453, 2009 WL 50132, at *10 (S.D.N.Y. Jan. 5, 2009) (stating that Labaton Sucharow has "substantial experience in the prosecution of shareholder and securities class actions").

Lead Pls.' Mem. of P. & A. in Support of Unopposed
Mot. for Prelim. Approval of Proposed Settlement
Case No. SACV 11-1404 AG (RNBx)

22

for the putative class under the PSLRA.  *See* ECF No. 42 at 5 ("[Lead Plaintiffs] retained Labaton Sucharow LLP and Motley Rice LLC to serve as co-lead counsel for the class.  Both firms have experience prosecuting securities class actions, and there is nothing to indicate [they] are not qualified to represent the putative class.") (internal citation omitted).  Therefore, Rule 23(a)(4) is satisfied.[9]

## C.   The Settlement Class Meets the Requirements of Rule 23(b)(3)

### 1.   Common Questions of Law or Fact Predominate

Rule 23(b)(3) sets forth two requirements, the first being that the "questions of law or fact common to the members of the class predominate over any questions affecting only individual members."  Fed. R. Civ. P. 23(b)(3).  The predominance inquiry "tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Amchem Prods.*, 521 U.S. at 623.  "'When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis.'"  *Hanlon*, 150 F.3d at 1022 (quoting 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1778 (2d ed. 1986)).  The predominance requirement is "readily met" in securities class actions.  *Amchem Prods.*, 521 U.S. at 625; *see also Cooper Cos.*, 254 F.R.D. at 632 ("[S]ecurities fraud cases fit Rule 23 'like a glove.'") (citation omitted).

---

[9] Co-Lead Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class. Accordingly, Co-Lead Counsel should be appointed as Class Counsel for the Settlement Class under Rule 23(g)(1).  *See, e.g.*, *Williams v. Costco Wholesale Corp.*, No. O2cv2003 IEG (AJB), 2010 WL 761122, at *6 (S.D. Cal. Mar. 4, 2010) (appointing as Class Counsel attorneys who, as here, have "extensive experience in class actions" and appeared "competent to represent the class").

Lead Pls.' Mem. of P. & A. in Support of Unopposed
Mot. for Prelim. Approval of Proposed Settlement
Case No. SACV 11-1404 AG (RNBx)                                                              23

1   Here, common questions of law and fact predominate over individual

2   questions because Defendants' alleged fraudulent statements and omissions

3   affected all Settlement Class Members in the same manner (i.e., through public

4   statements made to the market and documents publicly filed with the SEC).

5   Predominance of common questions generally will be found when, as here,

6   "'many purchasers have been defrauded over time by similar misrepresentations,

7   or by a common scheme to which alleged non-disclosures related.'"   *Negrete v.*

8   *Allianz Life Ins. Co. of N. Am.*, 238 F.R.D. 482, 492 (C.D. Cal. 2006) (citation

9   omitted); *see also In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, No.

10   MDL-901, 1993 WL 144861, at *6 (C.D. Cal. Feb. 26, 1993) ("The Ninth Circuit

11   has repeatedly found that common issues predominate in federal securities actions

12   where the proposed class members have all been injured by the same alleged

13   course of conduct.").

14   **2.   A Class Action Is a Superior Method of Adjudication**

15   Finally, Rule 23(b)(3) also requires that the action be superior to other

16   available methods for the fair and efficient adjudication of the controversy.   The

17   rule lists several matters pertinent to this finding:

18   (A)   the class members' interests in individually controlling the

19   prosecution or defense of separate actions;

20   (B)   the extent and nature of any litigation concerning the controversy

21   already begun by or against class members;

22   (C)   the desirability or undesirability of concentrating the litigation of

23   the claims in the particular forum; and

24   (D)   the likely difficulties in managing a class action.

25   Fed. R. Civ. P. 23(b)(3)(A)-(D); *see also Desai*, 573 F.3d at 937.   Each factor

26   weighs in favor of superiority here.   *See, e.g.*, *McPhail v. First Command Fin.*

27   *Planning, Inc.*, 247 F.R.D. 598, 615 (S.D. Cal. 2007) (noting "class action is the

28

superior method for fair and efficient adjudication" because individual suits would "'clog [ ] the federal courts with innumerable individual suits litigating the same issues repeatedly,'" the plaintiffs assert complex claims that "would be very costly to litigate," and each claim is for a "relatively small amount") (alteration in original) (citation omitted).

Further, without the settlement class device, Defendants could not obtain a class-wide release, and therefore would have had little, if any, incentive to enter into the Settlement.  Certification of a class for settlement purposes will allow the Settlement to be administered in an organized and efficient manner.

Accordingly, this Court should preliminarily certify the Settlement Class.

## IV.  CONCLUSION

For the foregoing reasons, Lead Plaintiffs respectfully request that the Court issue an order substantially in the form of the proposed Preliminary Approval Order:  (a) preliminarily certifying the Settlement Class;  (b) preliminarily approving the Settlement; (c) holding that the manner and forms of notice set forth in the Preliminary Approval Order satisfy due process and provide the best notice practicable under the circumstances; (d) setting a date for the Settlement Hearing; (e) appointing Lead Plaintiffs as Class Representatives and Co-Lead Counsel as Class Counsel; (f) appointing GCG as claims administrator; (g) ordering that notice substantially in the forms of the proposed notices be given to the proposed Settlement Class; and (h) granting such other and further relief as may be required.

Dated:  March 31, 2014                    Respectfully submitted,


                                   By:   /s/ Jonathan Gardner
                                         Jonathan Gardner *(pro hac vice)*
                                         jgardner@labaton.com
                                         Paul J. Scarlato *(pro hac vice)*

pscarlato@labaton.com
Angelina Nguyen *(pro hac vice)*
anguyen@labaton.com
**LABATON SUCHAROW LLP**
140 Broadway
New York, New York  10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

Mark Labaton (Bar No. 159555)
mlabaton@motleyrice.com
**MOTLEY RICE LLP**
1801 Century Park East, #475
Los Angeles, California  90067
Telephone: (310) 552-7992
Facsimile: (310) 552-8054

Gregg S. Levin *(pro hac vice)*
glevin@motleyrice.com
William S. Norton *(pro hac vice)*
bnorton@motleyrice.com
Christopher F. Moriarty *(pro hac vice)*
cmoriarty@motleyrice.com
**MOTLEY RICE LLC**
28 Bridgeside Boulevard
Mt. Pleasant, South Carolina  29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

*Attorneys for Lead Plaintiff Institutional
Investor Group and Co-Lead Counsel for
the Class*

Stephen R. Basser (Bar No. 121590)
sbasser@barrack.com
Samuel M. Ward (Bar. No. 216562)
sward@barrack.com
**BARRACK, RODOS & BACINE**
One America Plaza
600 West Broadway, Suite 900
San Diego, California  92101

Lead Pls.' Mem. of P. & A. in Support of Unopposed
Mot. for Prelim. Approval of Proposed Settlement
Case No. SACV 11-1404 AG (RNBx)

26

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Telephone: (619) 230-0800
Facsimile: (619) 230-1874

*Additional Counsel*

LEAD PLS.' MEM. OF P. & A. IN SUPPORT OF UNOPPOSED
MOT. FOR PRELIM. APPROVAL OF PROPOSED SETTLEMENT
CASE NO. SACV 11-1404 AG (RNBX)

27

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 31, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

      I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 31, 2014.

By:   */s/ Jonathan Gardner*

      Jonathan Gardner *(pro hac vice)*
      jgardner@labaton.com
      **LABATON SUCHAROW LLP**
      140 Broadway
      New York, New York 10005
      Telephone: (212) 907-0700
      Facsimile: (212) 818-0477

Lead Pls.' Mem. of P. & A. in Support of Unopposed
Mot. for Prelim. Approval of Proposed Settlement
Case No. SACV 11-1404 AG (RNBx)

28

**Mailing Information for a Case 8:11-cv-01404-AG-RNB**

The following are those who are currently on the list to receive e-mail notices for this case:

Marie Bafus
mbafus@fenwick.com,vsheehan@fenwick.com,pnichols@fenwick.com

Jennifer R Bagosy
jbagosy@morganlewis.com,krosello@morganlewis.com

Stephen R Basser
sbasser@barrack.com,lnapoleon@barrack.com

Joel H Bernstein
jbernstein@labaton.com,rviczian@labaton.com,ElectronicCaseFiling@labaton.com,lmehringer
@labaton.com,sauer@labaton.com

Jennifer C Bretan
jbretan@fenwick.com,kayoung@fenwick.com

Monique E Cho
mcho@morganlewis.com

Brian Danitz
bdanitz@wsgr.com,pbaird@wsgr.com

Vanessa De Simone
DeSimone@labaton.com

Boris Feldman
boris.feldman@wsgr.com
Daniel S Floyd
dfloyd@gibsondunn.com,jarneson@gibsondunn.com

Jonathan Gardner
jgardner@labaton.com

Tahir I Golden
tgolden@fenwick.com,vsheehan@fenwick.com

David J Goldsmith
dgoldsmith@labaton.com,lmehringer@labaton.com,sauer@labaton.com

Robert Elliot Gooding , Jr
rgooding@morganlewis.com,krosello@morganlewis.com

David S Han
dhan@gibsondunn.com

Katherine L Henderson
khenderson@wsgr.com

Dean J Kitchens
dkitchens@gibsondunn.com,MOstrye@gibsondunn.com

Catherine J Kowalewski
katek@rgrdlaw.com,e_file_sd@rgrdlaw.com

Mark I Labaton
mlabaton@motleyrice.com,erichards@motleyrice.com,kweil@motleyrice.com,pgioittazimmer@
motleyrice.com

Gregg Steven Levin
glevin@motleyrice.com

Christopher F Moriarty
cmoriarty@motleyrice.com

Kevin P Muck
kmuck@fenwick.com,vsheehan@fenwick.com,kayoung@fenwick.com

Angelina Nguyen
anguyen@labaton.com

William S Norton
bnorton@motleyrice.com

Brian Oliver O'Mara
bomara@rgrdlaw.com,e_file_sd@rgrdlaw.com

Lance V Oliver
loliver@motleyrice.com

Vincent Ian Parrett
vparrett@motleyrice.com

Karen Pieslak Pohlmann
kpohlmann@morganlewis.com

Darren J Robbins
e_file_sd@rgrdlaw.com

Paul J Scarlato
pscarlato@labaton.com

Steven M Schatz
sschatz@wsgr.com

Laura Danielle Smolowe
laura.smolowe@mto.com,avis.fields@mto.com,gregory.weingart@mto.com,dan.munson@mto.com

Marc J Sonnenfeld
msonnenfeld@morganlewis.com

Michael W Stocker
mstocker@labaton.com,drogers@labaton.com,ravan@labaton.com,lmehringer@labaton.com,ckeller@labaton.com

Irina Vasilchenko
ivasilchenko@labaton.com

David C Walton
davew@rgrdlaw.com,e_file_sd@rgrdlaw.com

Samuel M Ward
sward@barrack.com,lnapoleon@barrack.com

Manual Notice List
The following is the list of attorneys who are not on the list to receive e-mail notices for this case
(who therefore require manual noticing). You may wish to use your mouse to select and copy
this list into your word processing program in order to create notices or labels for these
recipients.
• (No manual recipients)