ISAACS FRIEDBERG & LABATON LLP
Mark Labaton (Bar No. 159555)
mlabaton@iflcounsel.com
555 South Flower Street, Suite 4250
Los Angeles, California 90071
Telephone: (213) 929-5550
Facsimile: (213) 955-5794

MOTLEY RICE LLC
Gregg S. Levin (*pro hac vice*)
glevin@motleyrice.com
28 Bridgeside Boulevard
Mt. Pleasant, South Carolina 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450

LABATON SUCHAROW LLP
Jonathan Gardner (*pro hac vice*)
jgardner@labaton.com
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477

*Attorneys for Lead Plaintiff Institutional Investor Group
and Co-Lead Counsel for the Settlement Class*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| IN RE HEWLETT-PACKARD COMPANY SECURITIES LITIGATION | Case No. SACV 11-1404-AG (RNBx)<br><br>**ORDER AWARDING ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT OF LEAD PLAINTIFFS' EXPENSES INCLUDING LOST WAGES**<br><br>Judge: Hon. Andrew J. Guilford<br>Dept.: Courtroom 10D<br>Hearing Date: September 15, 2014<br>Hearing Time: 10:00 a.m. |

THIS MATTER having come before the Court on September 15, 2014 for a hearing to determine, among other things, whether and in what amount to award: (1) Plaintiffs' Counsel's fees and litigation expenses relating to their representation of the Settlement Class in the above-captioned securities class action (the "Action"); and (2) Lead Plaintiffs' costs and expenses (including lost wages). The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing, substantially in the form approved by the Court (the "Notice"), was mailed to all reasonably identified Persons who purchased the publicly traded common stock of Hewlett-Packard Company in the open market during the period from November 22, 2010 to August 18, 2011, inclusive; and that a summary notice of the hearing (the "Summary Notice"), substantially in the form approved by the Court, was published in *The Wall Street Journal* and transmitted over *PR Newswire*; and the Court having considered and determined the fairness and reasonableness of: (1) the award of attorneys' fees and litigation expenses requested; and (2) the costs and expenses (including lost wages) requested by Lead Plaintiffs;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over the subject matter of this Action and over all parties to the Action, including all Settlement Class Members and the Claims Administrator.

2. All capitalized terms used in this order have the meanings as set forth and defined in the Stipulation and Agreement of Settlement (the "Stipulation"), dated as of March 31, 2014.

3. Settlement Class Members were notified that Plaintiffs' Counsel would be applying for an award of attorneys' fees and litigation expenses and, further, that such application also might include a request for an award to Lead

1  Plaintiffs for reimbursement of their reasonable costs and expenses, including lost
2  wages, in an amount not to exceed $75,000. The form and method of notifying
3  the Settlement Class of the application for attorneys' fees and expenses met the
4  requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section
5  21(D)(a)(7) of the Securities Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by
6  the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), due process,
7  and any other applicable law, constituted the best notice practicable under the
8  circumstances, and constituted due and sufficient notice to all persons and entities
9  entitled to it.

10      4.    Plaintiffs' Counsel are awarded attorneys' fees in the amount of
11  $14,250,000, plus interest at the same rate earned by the Settlement Fund (i.e.,
12  25% of the Settlement Fund, which includes interest earned thereon), and payment
13  of litigation expenses in the amount of $333,443.39, plus interest at the same rate
14  earned by the Settlement Fund, which sums the Court finds to be fair and
15  reasonable.

16      5.    The award of attorneys' fees and litigation expenses shall be paid to
17  Co-Lead Counsel from the Settlement Fund immediately upon entry of this Order,
18  subject to the terms, conditions, and obligations of the Stipulation, which terms,
19  conditions, and obligations are incorporated into this order.

20      6.    Lead Plaintiffs are awarded costs and expenses (which includes lost
21  wages) in the following amounts, which sums the Court finds to be fair and
22  reasonable:

| LEAD PLAINTIFF | AMOUNT AWARDED |
|---|---|
| Arkansas Teacher Retirement System | $5,654.61 |
| Union Asset Management Holding AG | $4,970.00 |
| Labourers' Pension Fund of Central and Eastern Canada | $2,922.24 |

1         LIUNA National (Industrial) Pension Fund and

2         LIUNA Staff & Affiliates Pension Fund      $6,570.00

3 The foregoing sums shall be paid to the Lead Plaintiffs from the Settlement Fund
4 immediately upon entry of this Order, subject to the terms, conditions, and
5 obligations of the Stipulation, which terms, conditions, and obligations are
6 incorporated into this order.

7       7.    In making this award of attorneys' fees and litigation expenses and
8 reimbursement of Lead Plaintiffs' costs and expenses (including lost wages) to be
9 paid from the Settlement Fund, the Court has considered and found that:

10       (a)    The Settlement has created a fund of $57 million in cash and
11 that numerous Settlement Class Members who submit acceptable Proofs of Claim
12 will benefit from the Settlement created by the efforts of Plaintiffs' Counsel;

13       (b)    The requested attorneys' fees and payment of litigation
14 expenses have been reviewed and approved as fair and reasonable by Lead
15 Plaintiffs, sophisticated institutional investors that were directly involved in the
16 prosecution and resolution of the Action and who have a substantial interest in
17 ensuring that any fees paid to Plaintiffs' Counsel are duly earned and not
18 excessive;

19       (c)    Notice was disseminated to putative Settlement Class
20 Members stating that Plaintiffs' Counsel would be submitting an application for
21 attorneys' fees in an amount not to exceed 25% of the Settlement Fund, plus
22 interest, and payment of litigation expenses incurred in connection with the
23 prosecution of this Action in an amount not to exceed $525,000, plus interest, and
24 that such application also might include a request that Lead Plaintiffs be
25 reimbursed their reasonable costs and expenses (including lost wages) directly
26 related to their representation of the Settlement Class in an amount not to exceed

27
28

1 $75,000. No Settlement Class Members have filed an objection to the application
2 for fees and expenses submitted by Plaintiffs' Counsel;

3     (d) Plaintiffs' Counsel conducted the Action and achieved the
4 Settlement with skillful and diligent advocacy;

5     (e) The Action involves complex factual and legal issues and, in
6 the absence of settlement, would involve lengthy proceedings whose resolution
7 would be uncertain;

8     (f) Plaintiffs' Counsel undertook the Action on a contingent basis
9 and have devoted more than 13,000 hours, with a lodestar value of $7,525,051.75
10 to achieve the Settlement; and

11     (g) The amount of attorneys' fees, litigation expenses, and
12 reimbursement of Lead Plaintiffs' costs and expenses (including lost wages) paid
13 from the Settlement Fund is fair and reasonable and consistent with awards in
14 similar cases.

15     8. Any appeal or challenge affecting this Court's approval of any
16 attorneys' fee, expense application, or award of costs and expenses (including lost
17 wages) to Lead Plaintiffs in the Action shall in no way disturb or affect the finality
18 of the Judgment entered with respect to the Settlement.

19     9. Exclusive jurisdiction is retained over the subject matter of this
20 Action and over all parties to the Action, including the administration and
21 distribution of the Net Settlement Fund to Settlement Class Members.

22     10. In the event that the Settlement is terminated or does not become
23 Final or the Effective Date does not occur in accordance with the terms of the
24 Stipulation, this order shall be rendered null and void to the extent provided by the
25 Stipulation and shall be vacated in accordance with the Stipulation.

1  SO ORDERED this 15th day of September, 2014

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE